LEONARD *v.* AVIATION CREDIT CORPORATION.

4-7393                                      181 S. W. 2d 27

Opinion delivered June 19, 1944.

*Vol T. Lindsey,* for appellant.

*J. T. McGill,* for appellee.

Robins, J. Sued by appellee in the lower court on a promissory note for $208.89 executed by appellant to the order of Dixie Aircraft School on November 3, 1941, and transferred by the said school to appellee, appellant defended on the ground that there was a failure of consideration of said note and that appellee was not an innocent holder thereof. At the conclusion of the testimony the jury, under instruction of the court, returned a verdict in favor of appellee for the amount of the note. From judgment entered on the verdict this appeal is prosecuted.

The evidence showed that the note sued on was exe- cuted as payment in advance for the tuition and board of appellant's son, who had engaged to take an "aircraft training course" at the Dixie Aircraft School located at Shreveport, Louisiana. The course was to begin on November 24, 1941, and the note, together with a cash payment of $15, was to pay for board and instruction in various kinds of aircraft repair and construction work over a period of six weeks. The note, payable in eleven monthly payments, beginning on January 24, 1942, was sold, on November 21, 1941, along with certain other similar notes, to appellee, a finance company, for the aggregate sum of $1,317.90, canceled check for which was introduced in evidence, and the note was duly indorsed "without recourse" to appellee by the payee, Dixie Aircraft School.

Shortly before the date on which the course of training was to begin the Dixie Aircraft School advised appellant's son that it could not accommodate him at that time, but would do so later; and in a short time he was notified to enter the school on January 1st. In the meantime, however, he had obtained satisfactory employment, and, when directed by the school to report for instruction, he did not go. His reason for not doing so was thus explained by his brother, a witness for appellant: "Since they put him off this time he was afraid

to quit his job because he didn't trust them any more. . . . He had a better job than an aircraft job at that time." He afterwards entered the navy and never reported to the school for the course of instruction.

The president of appellee testified that a valuable consideration was paid for the note involved, that it was purchased before maturity, after an investigation of appellant's financial condition, and without any notice of failure of consideration or other defense on the part of the makers.

Assuming, without deciding, that there was such a failure of consideration as would have constituted a defense against the payee, there was no evidence whatever adduced to establish that appellee was not an innocent holder of the note for value. Evidence that appellee knew that the note was given for tuition in the aircraft school was not sufficient to apprise appellee of any infirmity in the paper or any defense to a suit thereon. *Citizens' Union Nat'l Bank* v. *Thweatt,* 166 Ark. 269, 265 S. W. 955.

In *Jones* v. *Green,* 173 Ark. 846, 293 S. W. 749, we held (Headnote 2): "One to whom a note, complete on its face, was transferred for value without recourse, without notice of dishonor, before it was due, or of any infirmity or defect, was an innocent holder entitled to recover thereon, though the makers received no value." To the same effect is the rule laid down by this court in the case of *Republic Power & Service Company* v. *Continental Credit Corporation,* 178 Ark. 966, 12 S. W. 2d 906.

Section 56 of our Uniform Negotiable Instrument Act, which appears as § 10214 of Pope's Digest, provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." This was the rule in this state prior to the enactment of the Uniform Negotiable Instrument Act. *Broadway Bank of Kansas City* v. *Mason,* 176 Ark. 812, 4 S. W. 2d 5.

The consideration moving from the payee to makers of this note was the agreement on the part of the payee to furnish board and certain instruction to the minor son of appellant, one of the makers. This was a valid consideration, and though it might be said that there was a failure of consideration as between the original parties to the note such failure would not amount to a defense against one who was a holder thereof in due course for value. *Jones* v. *Green, supra.*

The undisputed testimony shows that appellee in due course bought the note, paying a valuable consideration therefor, and that when appellee thus became the holder thereof the event upon which appellant bases his defense of failure of consideration (the aircraft school refusing to receive appellant's son on the day fixed in the contract) had not occurred. Certainly it cannot be said that appellee, when it bought the note, had notice of a failure of consideration that had not yet taken place. There was no evidence indicating that appellee had any such knowledge of facts pertaining to the matter as would indicate bad faith on its part in buying the note sued on herein.

We conclude that the lower court correctly held that no valid defense to appellee's suit on the note was shown by the testimony, and its judgment is accordingly affirmed.