PUBLIC LOAN CORPORATION OF LITTLE ROCK *v.* TERRELL.

5-589                                              275 S. W. 2d 435

Opinion delivered February 14, 1955.

*Lasley, Spitzberg, Mitchell & Hays,* for appellant.

No brief, for appellee.

WARD, J. The only issue on this appeal is whether appellant is a holder in due course of the promissory note sued on.

Appellee, John Terrell, purchased a window fan from Easy Appliance Company for the purpose of ventilating and cooling his cafe. He made a down payment and executed a note and conditional sales contract for the balance of $181.62, which amount included the cost of installation. The note was dated May 22, 1952 and was payable in monthly installments of $10.09 each, the first installment being due June 22, 1952.

On the same day the note was executed it was assigned by Easy Appliance Company to appellant without recourse. The conditional sales contract was also assigned to appellant at the same time.

Appellant sued Terrell on the note after he failed to make payments. Terrell had Easy Appliance Company made a party, and answered (a) that there was a failure of consideration in that the fan was wholly ineffective for the purpose intended and (b) that he was entitled to assert against appellant all the defenses he had against Easy Appliance Company for the reason that appellant

was "to all intents and purposes a party to the original transaction" set forth above. The prayer was that appellant's complaint be dismissed, or, in the alternative, that he be given judgment against the Easy Appliance Company.

The trial court, sitting as a jury by agreement, heard testimony by all the parties, dismissed appellant's complaint and found for the cross-defendant, Easy Appliance Company, rendering judgments accordingly.

Appellant has appealed from the judgment of the trial court dismissing its complaint, but appellee has not appealed from the judgment in favor of the Easy Appliance Company.

In view of the status of the record there is no need to discuss the evidence tending to show a failure of consideration. It relates to issues not before us, because; (a) Appellee, as stated, has not appealed from the judgment in favor of the Easy Appliance Company, and (b) it is no defense to a holder in due course. In *Jones* v. *Green,* 173 Ark. 846, 293 S.W. 749, the court, in considering the same issue on page 851 of the Arkansas Reports, said: "The fact that appellee is seeking to recover, although he knows that the appellant never got any value, is immaterial."

The judgment of the trial court can be sustained only on the basis that appellant was to all intents and purposes a party to the original transaction between Terrell and the Easy Appliance Company, as alleged by appellee, or [in the words of Ark. Stats. § 68-156] on the basis that appellant "had knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In our opinion there is no substantial evidence to support a finding of any knowledge or bad faith on the part of appellant such as mentioned above, or that appellant was to all intents and purposes a party to the transaction between appellee and the Easy Appliance Company. The only evidence we find which remotely

618

tends to support the necessary findings is that Easy Appliance Company had some blank notes and sales contracts which were prepared by appellant but which did not bear its name, and that the note was endorsed by the Easy Appliance Company to appellant on the day it was executed. There is no evidence tending to show appellant knew of any defects in the fan or its operation prior to the assignment. It is not questioned that the note was assigned before maturity and for a valuable consideration. The case under consideration is similar to and controlled by *Leonard* v. *Aviation Credit Corporation*, 207 Ark. 465, 181 S.W. 2d 27.

Reversed with directions to enter judgment in favor of appellant and to affirm the judgment in favor of Easy Appliance Company.