METROPOLITAN DISCOUNT COMPANY *v.* FONDREN.

Opinion delivered December 6, 1915.

1. BILLS AND NOTES—FAILURE OF CONSIDERATION.—Where A. purchased goods from B., accepting time drafts in payment therefor, the fact that the goods purchased were worthless and unsalable, and that A. offered to return them, constitutes a defense to the paper, while in the hands of the original holder.

2. BILLS AND NOTES—PURCHASER FOR VALUE—BURDEN OF PROOF.—In an action on commercial paper, the burden is on the holder thereof, to show that he paid value therefor, and having done so, the burden is on the maker to show that the holder purchased with notice of defects, or such information as would put a purchaser on notice.

3. BILLS AND NOTES—FAILURE OF CONSIDERATION—PURCHASER OF WORTHLESS GOODS — KNOWLEDGE — QUESTION FOR JURY.— The evidence showed that the N. Co. made a practice of selling worthless jewelry, taking negotiable paper in payment and immediately disposing of the same. Appellee purchased some jewelry, accepting time drafts in payment therefor. The N. Co. thereupon sold the drafts to appellant. In an action thereon by appellant against appellee, *held,* it appearing that the N. Co., being in the business of selling worthless goods, and it also appearing that appellant had large dealings with the N. Co., that it was a question for the jury whether appellant purchased the paper in suit in good faith, and a finding by the jury that it did not, will not be disturbed.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Ira J. Mack,* for appellant.

1. The instrument sued on was a negotiable bill of exchange. 33 Ark. 47; 94 *Id.* 100. It was purchased for value before maturity and appellant was an innocent purchaser. A verdict should have been directed for the plaintiff. 94 Ark. 100; 8 Cyc. Law & Proc. p. 233; 166 S. W. 953; 170 *Id.* 578.

*S. Brundidge, Jr.,* and *Harry Neely,* for appellees.

Appellant was not an innocent purchaser for value without notice, within the rule. 79 Ark. 149; 86 *Id.* 201; 90 *Id.* 97.

McCULLOCH, C. J.   The defendants, Fondren & Moore, merchants at Kensett, Arkansas, purchased a bill of jewelry from the National Novelty Import Company, a corporation doing business at St. Louis.   The bill of goods aggregated $296, and defendants accepted time drafts drawn on them by the seller.   The purchase was covered by a written contract which specified the terms of the sale.   The drafts were assigned before maturity to the plaintiff, Metropolitan Discount Company, a corporation doing business at St. Louis, for the purpose, as its name implies, of dealing in commercial paper.   This is a suit on one of the said drafts in the sum of $59.21.   The defense tendered is that the jewelry was worthless and unsalable, having no merchantable value whatever, and that plaintiff was not an innocent purchaser of the negotiable paper representing the purchase price.

(1)   The testimony of the defendants tends to establish the fact that the jewelry was worthless and unsalable, and that they offered to return it.   That constituted a defense against the paper while in the hands of the original holder.   *Main* v. *Dearing,* 73 Ark. 470.   There is no contention here that the evidence was insufficient to warrant a finding in favor of defendants on that issue. The case was submitted to a jury and it becomes our duty to uphold the verdict if there was evidence legally sufficient to sustain it.

(2-3)   The contention is that according to the undisputed evidence the plaintiff was an innocent purchaser of the paper for a valuable consideration.   The burden was upon the plaintiff, of course, to show that it paid value for the paper, and then the burden shifted to the defendants to show that plaintiff purchased with notice of defects or such information as would put the purchaser upon notice.   *Tabor* v. *Merchants National Bank,* 48 Ark. 454; *Arkansas National Bank* v. *Martin,* 110 Ark. 579.   The plaintiff introduced two witnesses, one the man-

ager of the National Novelty Import Company and the other the manager of the plaintiff company. The testimony of both of those witnesses tended to show that the paper which forms the basis of this suit was sold to plaintiff in good faith and for value received without any information as to any defenses against it. The testimony of each of the witnesses shows that the two corporations were entirely independent of each other, and that the two corporations had no stockholders or officers in common. There are circumstances, however, connected with the transaction which we think made it a question for the jury to determine whether or not the plaintiff purchased this paper in good faith and without any knowledge or information concerning the defenses against it. Mr. Scott, the manager of plaintiff company, shows in his testimony a considerable familiarity with the business methods of the National Novelty Import Company. It appears from his testimony, and that of the other witness, that the National Novelty Import Company sold most of its commercial paper to the plaintiff, and the two corporations had been doing business in that way for several years. The testimony also shows that a considerable amount of paper was sold to other concerns. In fact, it appears from the testimony that it was a feature of their business to turn loose all of their commercial paper as fast as they took it in, selling it to those who were engaged in the purchase of such paper.

Now, the testimony of the defendants is that this jewelry was absolutely worthless, and the jury were warranted in drawing the inference that the National Novelty Import Company was engaged in the business of selling worthless jewelry which the purchaser could not be forced to pay for and in selling the paper representing the purchase price to other concerns. The familiarity of plaintiff's manager with the methods pursued by the National Novelty Import Company, in conducting its business, made it a question for the jury to determine whether or not the plaintiff company had any intimation that there were defenses against the collection of the commercial paper taken by the Na-

tional Novelty Import Company for the price of the worthless jewelry which was sold from time to time. In other words, since it appears that the business of the National Novelty Import Company was that of selling worthless jewelry, those concerns which were familiar with its methods of business must have known that there were defenses against the paper which it was taking in due course of that business. We can not, therefore, say that there was no testimony at all in support of the finding that the plaintiff was not an innocent purchaser. That is the only question argued here.

Judgment affirmed.