METROPOLITAN DISCOUNT COMPANY v. FLIPPO.

Opinion delivered March 31, 1924.

BILLS AND NOTES—INNOCENT PURCHASER.—Evidence that a novelty company was engaged in the business of selling worthless jewelry and selling trade acceptances received therefor to plaintiff for 15 years, that plaintiff had bought from the novelty company 40 sets of acceptances during the preceding year, that when payment was refused by defendant they were not protested, and no effort was made to collect them from the novelty company, *held* to warrant a finding that plaintiff was not an innocent purchaser.

Appeal from Lawrence Circuit Court, Western District; *Dene H. Coleman,* Judge; affirmed.

*W. E. Beloate,* for appellant.

The court erred in not rendering judgment for the appellant. 128 Ark. 299.

*L. B. Poindexter,* for appellee.

128 Ark. 299, relied upon by appellant, has no application to the facts of this case. The findings of the court were amply sustained by the testimony. 94 Ark. 426; 105 Ark. 281; 90 Ark. 93; 95 Ark. 368; C. & M. Dig., § 7822; 8 C. J., § 811, p. 505; 156 Fed. 525; 20 Idaho 669. Where a manufacturer offers his goods for sale, and the opportunity for inspection is not present, the vendee necessarily relies on his knowledge of his own manu-

facture, and the law implies a warranty that the articles shall be merchantable and fit for the purposes for which they were intended.   48 Ark. 325; 53 Ark. 155; 72 Ark. 343; 38 Ark. 15.

HUMPHREYS, J.   This suit was instituted by appellant against appellees in the magistrate's court in Lawrence County, Western District, upon five trade acceptances dated July 19, 1920, arising out of the purchase of goods by appellees from the National Novelty Import Company, of Saint Louis, Missouri.   The acceptances were assigned in blank, before maturity, to appellant by the novelty company.   Appellant claimed to be an innocent purchaser of the paper.

Appellees interposed the defense that the traveling salesman of the novelty company misrepresented the kind and class of goods for which the acceptances were given, and that appellant was not an innocent purchaser of them.

The case was appealed from the magistrate's court to the circuit court of said county, where it was tried by the court, sitting as a jury, upon the testimony introduced by the respective parties, which resulted in a finding that the goods were misrepresented by the traveling salesman to appellees, and that appellant was not an innocent purchaser of the trade acceptances.   A judgment was rendered in accordance with the finding, from which an appeal has been duly prosecuted to this court.

The testimony introduced by appellant tended to show that the goods were purchased under a written contract describing the kind and class thereof, and that the goods shipped conformed in every way to the goods purchased, and also tended to show that appellant was an innocent purchaser of the acceptances for value before maturity.   Officers of both companies testified that on August 25, 1920, appellant purchased them for cash and 10 per cent. discount, and that they were assigned in blank to appellant by the novelty company.   The written contract was not introduced in evidence.   Appellant introduced a letter

from R. L. Flippo of date August 12, 1920, immediately after the receipt of the goods, stating that they were O. K., but that the assortment contained too much jewelry, that they could not sell enough of it in such a small town to think of taking it, and requesting that they be permitted to return same.

The testimony introduced by appellees tended to show that the sale was made verbally, without sample, by the traveling salesman of the novelty company. Mrs. R. L. Flippo testified, in substance, that she purchased a set of novelty goods costing $296 upon the representation of the traveling salesman that they would be salable in Powhatan, where she and her husband were conducting business; that the set consisted of cases, purses, men's pocketbooks, silverware, etc.; that, when the goods came, the set consisted almost entirely of cheap jewelry, such as $7 diamond rings, etc.; that the lot contained no pocketbooks or silverware, and only one case and seven purses; that it was impossible to sell the cheap jewelry; that they immediately informed the novelty company of the situation, requesting permission to return the goods, which request was refused; that they returned them anyhow, but the novelty company shipped them back; that, in the correspondence ensuing between them, the novelty company claimed to have a written contract signed by herself and husband, and sent a purported copy of same to them; that they never signed such a contract; that on September 1, 1920, Lewis T. Scoville, secretary-treasurer of the novelty company, wrote them that he sold the acceptances to the Central National Bank of St. Louis, and that proper steps would be taken to collect them unless paid as they matured; that they wrote to appellant on August 30, 1920, informing it that the goods had been misrepresented and advising it not to buy the acceptances, to which they received a reply that it had bought said acceptances from the novelty company on August 25, 1920.

The record also shows that appellant had bought about forty sets of such acceptances, amounting to over

$5,000, from the novelty company during the year preceding; that it had been buying acceptances from said company for many years; that the acceptances in question were assigned to it in blank, and that when appellees refused to pay them they were not protested; that they were not charged back to the novelty company, and no attempt was made to collect them from it.

Appellant contends for a reversal of the judgment under the claim that the testimony thus detailed contains no substantial showing that the goods were misrepresented in kind and class, or that appellant purchased the acceptances in bad faith. We think otherwise. The record reflects that appellant sold an assortment of novelty goods to appellees, such as cases, purses, etc., which would be salable in a small town, and shipped them a lot of worthless jewelry, which could not be sold. The verdict upon this issue is sustained by evidence of a substantial nature. The record also reflects that the novelty company had been engaged in this kind of business for a long period of years, and had been selling its acceptances received for this worthless kind of stuff to appellant and other St. Louis concerns for perhaps as many as fifteen years; that appellant had bought about forty sets of these acceptances, amounting to over $5,000, the year preceding this sale; that these particular acceptances were not protested when appellees refused to pay them, and that no effort was afterwards made to collect them from the novelty company; that the secretary-treasurer of the novelty company claimed to have sold them to the Central National Bank of St. Louis, when, in point of fact, they had been previously transferred to appellant. We think the court was warranted in finding, from the long course of dealing between appellant and the novelty company, and the loose manner in which they dealt with each other, that appellant was aware of the fraudulent sales being made by the novelty company. The facts and circumstances of the instant case bring it well within the case of *Metropolitan Discount Co.* v. *Fondren,* 121 Ark. 250. In that case it was ruled that there was sufficient

testimony to support the finding that appellant was not an innocent purchaser of acceptances which had been purchased by it from the National Novelty Import Company received in exchange for worthless jewelry.

No error appearing, the judgment is affirmed.