## Citizens' Union National Bank v. Thweatt.

### Opinion delivered November 10, 1924.

1. BILLS AND NOTES—NOTICE OF FAILURE OF CONSIDERATION.—A purchaser of a note, knowing that it was given for a manufactured article, is not charged with notice that the article is worthless.

2. BILLS AND NOTES—INNOCENT PURCHASER.—Information acquired by a purchaser of a note, a long time after making the purchase, that the manufactured article for which it was given had proved to be worthless, did not affect the purchaser's good faith.

3. COMMERCE—FOREIGN CORPORATION DOING BUSINESS IN STATE.—The shipment of manufactured articles by a foreign corporation from without the State to its agent for delivery within the State to purchasers is not doing a business in the State, but a mere matter of detail in the manner of conducting its business as part of interstate commerce.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; reversed.

*M. F. Elms,* for appellant.

The only inquiry the court should have permitted was the proposition whether the evidence was sufficient to show that appellant was not an innocent purchaser of the note sued on; and, there being no dispute that it purchased the note long before maturity, for a valuable consideration and in due course, the point of the inquiry was whether or not the appellant, at the time it purchased the note, or before it paid for the same, had any notice of any possible defense to or defects in the instrument. 90 Ark. 93. Mere knowledge that the Louisville Silo & Tank Company was engaged in the business of selling and distributing silos and cribs was not sufficient to charge appellant with notice of defenses to or defects in the note. 94 Ark. 100. After-acquired knowledge or notice of defenses or defects is not effective. 90 Ark. 93.

*Cooper Thweatt* and *W. A. Leach,* for appellee.

It being admitted that the Louisville Silo & Tank Company was a foreign corporation and had not complied with the laws of this State with reference to such corporations doing business in the State, the note, even

in the hands of an innocent purchaser, cannot be enforced. 136 Ark. 52; 148 Ark. 151; 141 Ark. 38. If the trial court erred in its instruction to the effect that if the appellant knew that the note was given for the purchase price of the granary, it was bound by the implied warranty that it was fit for the purpose for which it was sold, and was therefore not an innocent purchaser, a reversal of the case does not necessarily follow, and should not, if the above contention is correct.

*M. F. Elms,* for appellant, in reply.

The transaction, as shown by the evidence, did not constitute doing business in this State within the prohibition of the statute. The shipment of the granary along with others in the same car, did not alter its character as an interstate shipment, neither did its consignment to the salesman in Arkansas for distribution to the various purchasers change its character as an interstate shipment. 227 U. S. 389, 57 L. ed. 565; 227 U. S. 399, 57 L. ed. 569.

SMITH, J. The Louisville Silo & Tank Company, through its salesman, obtained an order for a steel granary from appellee, J. G. Thweatt. This order was transmitted to the company's office in Louisville, and there accepted. The granary sold appellee was shipped from Ohio, in a car consigned to the agent at Stuttgart, along with a number of other granaries for which the agent had taken orders. Each granary was separately packed, and each had the name and address of the purchaser stamped thereon. The shipments were made together to secure the advantage of car lot rates, but some of the granaries were taken out of the car in which they were originally shipped at Stuttgart and were loaded into a car for delivery at the homes of the purchasers, some of whom did not live at Stuttgart and did not receive their freight at that place. Appellee resided at DeValls Bluff, and the granary consigned to him was reloaded at Stuttgart and shipped by local freight to DeValls Bluff, where delivery was made.

Upon delivery of the granary, appellee paid the portion of the purchase price in cash which the contract of sale required, and executed his note for $469, the balance of purchase money, payable to the order of the silo company. This note was dated September 30, 1918, and matured January 1, 1919, and bore interest at six per cent. per annum from its date. On October 7, 1918, the note was sold, indorsed and delivered by the silo company to the appellant bank, whose place of business is in Louisville, Kentucky, and, according to the testimony offered on behalf of the bank, it paid full value for the note, and acquired the same without notice that there was any defense to it.

The granary was put up, and proved defective and valueless for the purpose for which it was sold, in that it admitted rain in openings which were intended only to admit air. An unsuccessful attempt was made to amend the defect, which appellee said was structural and not peculiar to the granary purchased by him.

At the time of the sale of the granary to appellee, the agent of the silo company took a large number of other orders, the silo included in the case of *Crawford* v. *Louisville Silo & Tank Co., ante* p. 88, being one of them.

Appellee refused to pay the note, and this suit was brought to enforce its collection. There was a verdict and a judgment in his favor, and the bank has appealed.

A vice president of the plaintiff bank, who acted for the bank in the purchase of the note, testified that the silo company was one of its solvent customers, and that he knew the business in which it was engaged, but no one connected with the bank had any knowledge that there was any defect in the silo which the company was selling.

The undisputed testimony shows that, at the time the bank purchased the note sued on, the defect which is said to render the silo valueless had not been discovered, and the bank's vice president testified that, upon the maturity of the note, it was sent to a bank in this State for collection, and that the collecting bank kept

the note for several months before reporting that collection could not be made, and that the employee of the plaintiff bank whose business it was to trace the note, had negligently failed to do so or to report its non-collection, and, when this was finally done, several months had elapsed. The silo company was then called upon to make good its indorsement, but declined to do so on account of the delay in reporting to it the failure to make the collection, whereupon this suit was brought.

It was the theory of the trial court, as is indicated by the instructions given, that there was an implied warranty that any manufactured article was reasonably fit for the use for which it was sold, and that not even an innocent purchaser of such a note could recover on it if he knew that the note was given for a manufactured article and the article proved worthless, even though the purchaser of the note was not aware of the defect in the article sold. This is not the law, and there appears to be no testimony charging the bank with notice of the failure of the consideration for the note, except the fact that the bank knew it was for a manufactured article.

The testimony does show that the bank was advised of the defect before bringing this suit; but this information was not acquired until long after the purchase of the note, and this after-acquired information would not, of course, affect the bank's status as an innocent purchaser. *Hood* v. *Thurman,* 90 Ark. 93.

There is no testimony in this case which brings it within the rule announced in the cases of *Metropolitan Discount Co.* v. *Fondren,* 121 Ark. 250; *Iowa City State Bank* v. *Biggadike,* 131 Ark. 514, and *Metropolitan Discount Co.* v. *Flippo,* 163 Ark. 331.

Appellee apparently concedes now that the judgment in his favor cannot be sustained upon the ground that the appellant bank was not an innocent purchaser of the note. At any rate, a recovery can not be defeated on that ground.

Appellee does insist, however, that the judgment in his favor is correct, and should be affirmed, because the

note was executed to a foreign corporation doing business in this State in violation of the laws of this State. Appellee's brief urging this defense was filed before the decision of this court in the case of *Crawford* v. *Louisville Silo & Tank Co.,* referred to above, was handed down, and the opinion in that case decides the point adversely to appellee's contention. That was a suit by the silo company itself to recover on a note given it for one of the silos which was included in the same shipment as the silo sold appellee, and we there said the shipment of the silos to the company's agent at Stuttgart, for delivery from that city to the various consignees whose names were stamped on the respective silos shipped to various purchasers, was merely a matter of detail in the manner in which the business was conducted, and did not affect the character of the transaction as interstate commerce.

It follows therefore that the judgment in favor of the appellee must be reversed, and, as the case has been fully developed, judgment will be rendered here for appellant for the face of the note and interest.