### FRITCHEY v. SUMMAR et al.

#### Civ. No. 852.

United States District Court
W. D. Arkansas, Fort Smith Division.
Sept. 3, 1949.

Grant & Rose, Fort Smith, Ark., for plaintiff.

Pryor, Pryor & Dobbs, Fort Smith, Ark., for defendant Mrs. E. B. Summar.

Warner & Warner, Fort Smith, Ark., for other defendants.

JOHN E. MILLER, District Judge.

This cause, filed in the Crawford Circuit Court and duly removed to this Court, is a suit to recover damages for personal injuries allegedly received by the minor plaintiff as a result of the negligent operation of an automobile by the defendant, Mrs. E. B. Summar, while in Arkansas on behalf of the business of the other defendants.

After removal, defendants, Embree Manufacturing Company, Inc., and Embree Manufacturing Company, filed a motion to quash service and the defendant, Mrs. E. B. Summar, filed a motion to dismiss. The motion to dismiss filed by Mrs. Summar was treated as a motion to quash, and both motions were sustained, with leave granted to plaintiff to perfect service in this court if she could. Thereafter, summons was issued by the Clerk and the Marshal's return thereon shows that the same, together with copies of the complaint, was served on Mr. C. G. Hall, Secretary of State, Little Rock, Arkansas.

Defendant, Mrs. Summar, has now filed a motion to quash service alleging that the summons was neither issued nor served in accordance with the law, and that no affidavit showing mailing to the defendant has been filed.

Defendants, Embree Manufacturing Company, Inc., and Embree Manufacturing Company, have filed a motion to quash alleging (1) that the purported service is insufficient to confer jurisdiction of either defendant upon the court, (2) that defendant, Embree Manufacturing Company, alleged to be a business association, is not subject to suit as such association under the law of Arkansas, and service upon it as such association is wholly insufficient to confer jurisdiction upon it, and (3) that service upon the Secretary of State is ineffective, as the Secretary is not the agent of either defendant for service, and said summonses were not served and returned in accordance with the law.

The above motions are before the court for determination.

Attached to the motion of the defendants, Embree Manufacturing Company, Inc., and Embree Manufacturing Company, are affidavits of S. E. Embree and Mrs. Summar, from which the following facts appear.

Embree Manufacturing Company, Inc., is a New Jersey corporation engaged in manufacturing paints and varnishes. Its Arkansas activity is limited to the sale and delivery of its products to customers who conduct businesses in the State. The business done is wholesale, and it has no warehouses and no branch offices in the State. Defendant, Embree Manufacturing Company, Inc., is incorrectly named and its proper designation is simply Embree Manufacturing Company. Mrs. E. B. Summar is a sales supervisor of the corporate defendant and works on a commission basis under an oral agreement. Her territory has been heretofore Texas, Louisiana and Oklahoma. She calls on retail stores selected by her and solicits orders, which orders are transmitted to the New Jersey office of the corporate defendant, from which, if the order is accepted, the goods are shipped by common carrier direct to the purchaser, not to Mrs. Summar. She works on her own schedule, receiving no directions from the corporate defendant as to whom she should call on or when and where to make such calls. Although not required to do so she submits a weekly report of her movements. It is customary for her to place demonstrators in the stores of new purchasers in order to familiarize the public with the product and push its sales, which demonstrators are paid on a commission basis. In February, 1949, the corporate defendant received an order from the Kress Company through the latter's purchasing department for the Kress store at Little Rock, Arkansas. This order was not the result of solicitation by Mrs. Summar or anyone else, and was the first contact that the corporate defendant had with any store in Arkansas. Mrs. Summar was notified of the receipt of this order, whereupon she went to Little Rock, Arkansas, and placed a demonstrator in the Kress store there. The demonstrator remained in that store for a period of six weeks, after which time she left and was not replaced. The corporate defendant has made no other sales to any person or firm in Arkansas, although Mrs. Summar did contact the manager of the Kress store in Fort Smith. On her trips Mrs. Summar pays her own expenses and furnishes her own transportation. She is the sole owner of the Plymouth automobile involved in the collision with the plaintiff, and the corporate defendant (nor defendant business association) owns no interest therein. She displays no advertising in or on the automobile. On April

13, 1949, Mrs. Summar traveled from Dallas, Texas, to Little Rock, Arkansas, and contacted the demonstrator at the Kress store there. She left Little Rock that day for Oklahoma with a planned overnight stop at Fort Smith, Arkansas. While en route on this trip she collided with the plaintiff.

The status of the defendants, Embree Manufacturing Company, Inc., and Embree Manufacturing Company, a business association, is not entirely clear. It appears that there is both a corporation and a business association, but the connection between the two, and between each or both and Mrs. Summar is not clear. However, for purposes of this motion, and in view of the conclusion reached, it is immaterial, and the court will hereafter refer to them as the company defendants.

■ Service of process was had after the removal of the case from the State court, but service was made under and in accordance with the law of Arkansas, and the sufficiency therof is to be tested by an examination of the appropriate statutes to determine if the facts of this case fall within the purview of those statutes. This is in accordance with the provisions of Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides: "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

■ In order for a court to render an in personam judgment it must acquire jurisdiction over the person of the defendant. Jurisdiction may be acquired by personal service if the defendant is within the territorial limits of the Court, or, if not, by virtue of appropriate statutes, through which a State, under its police power, may subject a defendant to the jurisdiction of its courts provided "he have

certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, et al., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057. Arkansas has two statutes authorizing service in cases with facts similar to the instant case, and an examination will be made to determine if either is applicable.

■ The Arkansas non-resident motorist statute in effect at the time of the accident out of which this suit arose, Ark.Stats. 1947, sec. 27-341, applied only to non-resident owners. Kerr, Adm'r, v. Greenstein, 213 Ark. 447, 212 S.W.2d 1. As appears from the facts, the company defendants were not the owners of the automobile, and service in accordance with the provisions of this statute is not sufficient to give the court jurisdiction of the person of the company defendants. However, service under this statute is valid as to the individual defendant, Mrs. Summar, because she was the owner of the automobile.

Act 199 of 1949, by which the legislature amended Section 27-341 to extend to non-residents other than owners, did not become effective until after the date of this accident. The Arkansas Supreme Court has held that such statutes are not retroactive. Gillioz v. Kincannon, Circuit Judge, 213 Ark. 1010, 214 S.W.2d 212 (the act in question was Act 347 of 1947, Ark.Stats., 1947, sec. 27-340, hereinafter discussed). Therefore, this amendment is of no benefit to the plaintiff, and service cannot be sustained under the Arkansas non-resident motorist statute as to the company defendants.

The other statute, Act 347 of 1947, Ark. Stats., 1947, 27-340, presents a more serious question. That statute provides, inter alia: "Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution, and Laws of this State as to doing business herein, who shall do any business or perform any character of work or service in this State shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed

the Secretary of State * * * agent of such non-resident, upon whom process may be served in any action accrued or accruing from the doing of such business * * *."

Before a state may subject a foreign corporation to the jurisdiction of its courts, it is necessary that the corporation do certain acts or have certain minimum contacts with the State, for·to subject a corporation to the jurisdiction of its courts when that corporation has no contacts, ties or relations with the State would deprive it of due process of law. In regard to the constitutional requisite, "minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice", the Supreme Court of the United States, in the International Shoe Co. case; supra, stated:

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. * * *

"The exercise of that privilege (conducting activities within a state) may give rise to obligatitons; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."

The Arkansas statute, Section 27-340, requires at least the constitutionally minimum contacts, for it applies only to those non-residents that "do any business or perform any character of work or service in this State" and to such actions that accrue from the doing of such business. It has been held constitutional by the Arkansas Supreme Court. Gillioz v. Kincannon, Circuit Judge, supra. However, just what contacts or how much activity the legislature contemplated when it used the language "do any business or perform any character of work or service" is not always an easy question to answer, for while the legislature may not go below the constitutional minimum, it may,

of course, set a higher standard, and as this court is dealing with the law of Arkansas, it must follow the declarations of the Supreme Court of Arkansas as to what that law is, and specifically on the point involved, it must apply the standards adopted by the Arkansas Court in its interpretations of this statute.

Prior to the enactment of Act 347 of 1947, the Arkansas Supreme Court, in cases under the service statute in force at the time, held that service could not be had on a foreign corporation doing an exclusive interstate business in Arkansas. As stated in H. J. Heinz Co. v. Duke, 196 Ark. 180, 184, 116 S.W.2d 1039, 1041: "Said act does not and could not authorize service on a foreign corporation doing an exclusive interstate business in Arkansas." See, also: Citizens' Union National Bank v. Thweatt, 166 Ark. 269, 265 S.W. 955.

Also, the Arkansas Supreme Court had held that mere solicitation of orders by a salesman for goods to be shipped into the state did not constitute doing business. In this regard, the court, in H. J. Heinz Co. v. Duke, supra, said: "The authorities seem to be unanimous in holding that the solicitation and obtaining of orders for goods within a state by a salesman of a foreign corporation for goods to be shipped into the state to the purchasers is not doing business within the state so as to render the corporation amenable to service of process therein."

In the decisions handed down by that court subsequent to the enactment of Act 347, it has adhered to the standards applied prior thereto, and has interpreted Act 347 as making no changes. In regard to a corporation engaged exclusively in interstate commerce, it said, in Rodgers v. Howard, Judge. Ark., 219 S.W.2d 240, 242:

"We hold that Act 347 of 1947 was not intended to change the rule concerning the breaking of the journey of interstate shipments as announced in the cases of * * *.

"* * * the shipment of the Campbell Company in the case at bar preserved its inter-state character until the shipment reached the Stuart Grocery Company in Nashville, Arkansas, and that the acts of

the Hunter Transfer Company, even if it should be said to be an agent of the Campbell Company, were transactions in inter-state commerce, and not within the scope or contemplation of Act 347 of 1947."

And, in regard to mere solicitation without more, the court stated in Chapman Chemical Company v. Taylor, Ark., 222 S. W.2d 820: "The case of Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 515, 146 A.L.R. 926, deals at length and reviews many authorities on the concept of doing business by a foreign corporation. * * * It was there said that the mere solicitation of business whether on a casual or occasional or regular, continuous and long continued basis does not constitute doing business in a foreign state, and it may be added that filling orders thus obtained by shipping goods in inter-state commerce would not constitute doing business. But it was said in addition, 'Consequently it is (not) clear that if, in addition to a regular course of solicitation, other business activities are carried on, such as maintaining a warehouse, making deliveries, etc., the corporation is 'present' for jurisdictional purposes. And very little more than 'mere solicitation' is required to bring about this result.' " The court went on to find, under the facts of the case, sufficient additional contacts to take the case out of the "mere solicitation" rule and upheld service. See, also, on this point: McWhorter v. Anchor Serum Co., D.C.W.D.Ark., 72 F.Supp. 437.

Thus, it appears that the Arkansas Supreme Court has not interpreted Act 347 of 1947 as reducing the requisite "minimum contacts", even though it might possibly have done so, and in determining whether or not a corporation is doing business or performing any character of work or service, it is applying the same standards that it applied prior to the enactment of Act 347.

■ While in the case of the non-resident motorists statutes one act is sufficient to confer jurisdiction, it has been the general rule that casual or occasional activities, being neither systematic nor continuous, are not sufficient to confer jurisdiction under a "doing business" statute. This

appears to be the case even under the due process concept advanced in the International Shoe Co. case, supra, wherein the Supreme Court of the United States did not gauge the facts by "a little more or a little less" but examined "the quality and nature of the activity in relation to the fair and orderly administration of the laws". Of course, it may be possible that certain casual or occasional acts may be of such substantial quality and nature as to constitute "doing business". However, it seems clear that casual or occasional acts are not sufficient under the "mere solicitation" rule, for under that rule, activities, as long as they do not go beyond mere solicitation, may be continuous for years and still not constitute "doing business".

It appears that the "mere solicitation" approach is outmoded in view of the International Shoe Co. case, and it may be expected that most State courts will follow the lead of the Supreme Court in that case and adopt the elastic and apparently more liberal "fair play and substantial justice" approach. This is true because the principal purpose of "doing business" statutes is to subject the corporation to the jurisdiction of the State court in any and all cases that fall within the minimum requirements of due process, and if the scope of such statutes may be enlarged by adoption of the "fair play and substantial justice" approach, it is only logical to expect that the use of the approach will become general. However, be that as it may, it is at least safe to say that under the present status of the Arkansas law more than casual or occasional activities are required.

■ The only activity (with the exception of the one contact made by Mrs. Summar in Fort Smith) ever engaged in by the defendants in Arkansas was the sale made to the Kress Store in Little Rock, and that order was not even solicited in Arkansas. Mrs. Summar was only in the State of Arkansas three times and she was not specifically ordered here by the company defendants on those occasions. But for the placing of the demonstrator in the Kress store, there could be no question

under the Arkansas law that the company defendants were not "doing business", and while the demonstrator is certainly a factor for consideration, the court feels that it is not sufficient. In the opinion of the court the demonstrator was doing nothing but soliciting, and in any event the placing of the demonstrator in the Kress store was not sufficient to remove the activity from the category of casual or occasional. Therefore, the court, after carefully examining the activity disclosed by the facts of this case, feels compelled to classify it as casual or occasional, and as not constituting "doing business or performing any character of work or service" as required by the provisions of Act 347. The Chapman Chemical Co. v. Taylor case, supra, is distinguishable, because the activities there constituted solicitation plus and were systematic and continuous rather than casual or occasional.

The court is aware of the argument on behalf of the defendant business association that it falls in the category of a person rather than a corporation, and therefore, could not be served under this statute even if it were "doing business". It is noted that the statute does purport to cover a person and that it has been held constitutional. However, in view of the holding of the court that neither defendant comes within the terms of the statute, and indeed, in view of the uncertain status of the defendant business association, the court feels that it is unnecessary to go into this question.

The motion to quash filed by the company defendants should be sustained, and the complaint dismissed as to them.

Plaintiff's attorneys have now filed an affidavit evidencing the sending by registered mail copies of the summons and complaint to the defendants. By thus complying with the statute, plaintiff has perfected service as to Mrs. Summar, and the motion to quash filed by Mrs. Summar should be overruled.

An order in accordance with the above should be entered.