CHARLES KEESHIN, Inc. v. GORDON JOHNSON CO.

Civ. A. No. 218.

United States District Court
W. D. Arkansas, Fayetteville Division.

Nov. 5, 1952.

---

1. No opinion for publication.

Ed Jackson, Rogers, Ark., Lawrence Morgan, Fort Smith, Ark., for plaintiff.

Daily & Woods, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

The motion of defendant to quash service of summons and to dismiss for lack of jurisdiction of the person of the defendant, and for improper venue, has been considered by me along with the evidence introduced by the respective parties at the hearing on October 17, 1952, and the brief submitted by defendant in support of the motion and the brief submitted by plaintiff in opposition to the motion.

The defendant, to sustain its contentions, introduced the affidavit of Gordon Johnson and the deposition of Carl W. Smith.

The affidavit of Gordon Johnson discloses that the defendant is a corporation organized and existing under and by virtue of the laws of the State of Missouri and that its principal office and place of business is located at 2519 Madison Street, Kansas City, Missouri. Among other things the corporation is engaged in the business of the manufacture and sale of poultry plucking machines and parts thereof. The defendant is not incorporated under the laws of the State of Arkansas and has never maintained any office or place of business in Arkansas. Sales of the products manufactured by defendant are made upon the solicitation of a representative of the defendant. The defendant employs a single sales representative in Arkansas whose territory comprises the States of Arkansas, Oklahoma and Texas. The sales representative's authority is limited to the solicitation of orders for defendant's products and the forwarding of such orders to the office of the defendant in Kansas City, Missouri. All such orders are forwarded by United States mail. The sales representative is furnished with order blanks by the defendant and all solicited orders are subject to the defendant's acceptance or rejection at its office at Kansas City, Missouri. When an order is accepted by the defendant it is filled from the defendant's stock located in Kansas City, Missouri, or the articles are manufactured by defendant and shipped to the purchaser. All shipments and deliveries other than those which may be made by or delivered to a purchaser at the defendant's place of business are in interstate commerce.

The defendant has no property in the State of Arkansas and does not maintain any stock of the machines or products or parts thereof in the State of Arkansas. The sales representative is not supplied with any of the products or parts thereof and does not carry any samples.

The testimony of Carl W. Smith corroborates the statements made by the affi-

ant, Gordon Johnson, president of the defendant corporation.

It was admitted by the defendant that the service of summons on it was made in accordance with Section 27–340, Arkansas Statutes 1947, Annotated.

The plaintiff in support of its contention that the service of summons on defendant is valid introduced the request for admissions of fact filed by it on September 5, 1952, and the response thereto filed on September 15, 1952; also the interrogatories filed by plaintiff on September 5, 1952, and the answers thereto filed on September 15, 1952; the affidavits of J. W. Breeze dated August 15, 1952 and O. F. Larkin dated the same date and filed August 18, 1952; and a supplemental affidavit of O. F. Larkin dated August 20, 1952, together with exhibit thereto filed August 20, 1952.

The plaintiff also introduced witnesses, Charles P. Dodd, Neomia Elliott and O. F. Larkin, whose testimony was given ore tenus.

From all of the testimony adduced by the respective parties and the complaint of plaintiff it appears that the plaintiff at the solicitation of the sales representative of the defendant executed an order for two certain poultry plucking machines on or about July 13, 1949. The order was signed by the plaintiff at its place of business at Rogers, Arkansas, and the order was subsequently forwarded to the defendant in Kansas City, Missouri. The order was accepted by defendant at its place of business in Kansas City, Missouri, and the machines were shipped from Kansas City, Missouri, to the plaintiff on or about July 15, 1949.

On July 9, 1951, the plaintiff was sued in this Court by Anna May Hunt et al. for alleged patent infringement. The plaintiffs in that suit contended that the poultry plucking machines purchased as aforesaid infringed upon a patent owned by them. As a result of the suit the plaintiff was compelled to expend $3,333.33 in payment of a consent judgment.[1] The plaintiff is now seeking to recover said sum together with other damages, from the defendant, and alleges that at the time of the sale of the machines by the defendant that it knew the said machines infringed the patents owned by Anna May Hunt and others.

The plaintiff alleges that the defendant breached the contract of sale and is liable to it because of the breach of an express warranty and an implied warranty.

There is no substantial dispute as to the facts. The contract of sale was consummated in Kansas City, Missouri, and the particular machines were shipped by defendant to plaintiff in interstate commerce from Kansas City, Missouri, to Rogers, Arkansas. The defendant owns no property and has no office in the State of Arkansas. The only contact of the plaintiff with the defendant prior to the consummation of the contract was through the solicitation by the defendant's sales representative of the order for the machines. It further appears that after the machines were shipped, the defendant sent two employees to Rogers, Arkansas, to superintend or to help install the machines, and it also appears that the defendant has a Master Service Program which is made available to the purchaser and user of its products, at his option, and if desired an independent contract may be entered into by a purchaser with the defendant for such service, and in the event such a contract is entered into, the purchaser pays for the service at the rate set forth in the plan or program. The plaintiff did not accept or avail itself of the program, but after the machines were installed the plaintiff requested that the defendant send its representative to make some adjustments. The representative called at the plant of the plaintiff and made such adjustments as were necessary, but without cost to the plaintiff.

Any repairs that might be needed for the machines were required to be purchased by the plaintiff in the same manner as in the purchase of the machines.

The above reflects what was done by the parties in the purchase and installation of the machines.

1. No opinion for publication.

The testimony further shows that the defendant, through its sales representative, contacts other poultry processors in the same manner and that the machines have been installed in the same manner.

The applicable statute, Section 27–340, supra, provides:

"Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution, and Laws of this State as to doing business herein, who shall do any business or perform any character of work or service in this State shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the Secretary of State, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such non-resident, or his, its or their agent, servant or employee * *."

Since the enactment of the above statute this Court has been called upon in several cases to determine its jurisdiction over non-resident defendants. Nothing can be added by this Court to its discussion of the question in Fritchey v. Summar, D.C.W.D. Ark., 86 F.Supp. 391, and Green v. Equitable Powder Manufacturing Co., D.C.W.D. Ark., 99 F.Supp. 237.

■ There is no federal statute, prescribing the manner of service of summons, applicable to the instant case, and since the service of summons was under the Arkansas procedure, the validity of the service is to be determined by the requirements for service in this State. The first question is whether the State has provided for bringing the defendant, a foreign corporation, into its courts under the facts and circumstances existing in the case. There is nothing to compel a state to exercise jurisdiction over a foreign corporation, and the extent to which a state chooses to exercise such jurisdiction is determined by the law of the state. However, if a state,

by statute or otherwise, has purported to exercise jurisdiction over a foreign corporation, then the question may arise whether such state procedure violates the due process clause or the interstate commerce clause of the Federal Constitution. United States Constitution, Article 1, Section 8, Clause 3, and Amendment 14.

■ If the latter question arises, it is to be determined by federal law, but the federal question is not reached for decision until it is determined that the state statute is broad enough to assert jurisdiction over the defendant in a particular case.

It should be noted that the statute provides that any corporation not qualified under the laws of the state to do business in the state that, "shall do any business or perform any character of work or service in this State shall, by the doing of such business or the performing of such work, or services", be subject to service of summons in the manner provided by the act, "in any action accrued or accruing from the doing of such business or the performing of such work, or service, or as an incident thereto".

No doubt the Legislature of Arkansas could, within constitutional limits, have enacted a much broader statute, but the question is not what it could have done but what it did in fact do. The statute has been upheld as valid legislation. Gillioz v. Kincannon, Judge, 213 Ark. 1010, 214 S. W.2d 212. But, it has not been held to apply to any act that does not give rise to the liability sued upon. For a review of the Arkansas decisions, see Fritchey v. Summar, supra, and Green v. Equitable Powder Manuwacturing Co., supra.

The liability, if any, of the defendant arose and grew out of the contract that was executed in Missouri, and the subsequent shipment of the machines in interstate commerce. It is true that the defendant sent representatives to Arkansas to install or aid in the installation of the machines, but the asserted liability did not grow out of the work or services rendered by such employees nor as an incident to such work or service. The asserted liability stems from the alleged violation of

a contract of sale that was made in Missouri.

The subject matter of the plaintiff's suit is not related to any local activities of the non-resident defendant. It is one thing to subject a party to a suit in a state where he conducts business for a wrong committed in the course of such business, work or service, and an entirely different matter to hold that a party is subject to a suit for a wrong done elsewhere or for the breach of a contract entered into in another jurisdiction.

Therefore, the service of summons on the defendant is invalid for the reason that the defendant has not done any business or performed any character of work or service in Arkansas from which the alleged cause of action of the plaintiff accrued, and the service of summons should be quashed and the complaint of the plaintiff dismissed. An order to that effect is being entered today.