**R. E. BRUCE, Plaintiff,**

v.

**Edward M. PAXTON, Defendant.**

**No. LR-61-C-57.**

United States District Court
E. D. Arkansas, W. D.

Sept. 13, 1962.

Jo B. Gardner, Monett, Mo., Griffin Smith, Little Rock, Ark., for plaintiff.

William H. Sutton of Mehaffy, Smith & Williams, Little Rock, Ark., for defendant.

HENLEY, Chief Judge.

This cause is now before the Court on defendant's motion to set aside a default judgment rendered in favor of plaintiff on June 30, 1961, following an ex parte hearing as to damages. The matter has been submitted on oral testimony, documentary evidence, and written briefs. The facts are as follows:

Plaintiff is a citizen of Arkansas. Defendant is a citizen of Kansas who resides at 2929 Wellington Place, Wichita, Kansas. On September 3, 1960, motor vehicles owned and operated by the respective parties collided at the intersection of Broadway and West Markham in the City of Little Rock, and as a result of the collision plaintiff sustained personal injuries.

Some time after the accident defendant, a truck driver, left Arkansas where he had been working when the collision occurred and returned to his home in Kansas. After his return to Kansas defendant's work required him to travel some distance from his home every day. He would leave his home before ordinary business hours in the morning and would not return until seven or eight o'clock in the evening. Defendant followed this schedule six days a week during the entire period here pertinent.

Plaintiff employed Mr. Jo B. Gardner of Monett, Missouri, to prosecute his claim for personal injuries against the defendant. Mr. Gardner conducted certain negotiations with defendant's liability insurance carrier in an effort to settle the case without suit, but the negotiations were not successful.

Early in 1961, after settlement negotiations had broken down but before this suit was filed, Mr. Gardner caused plaintiff to write a letter to the defendant at the above mentioned address in Wichita. While neither the letter nor a copy thereof is in the record before the Court, plaintiff testified that the contents of the letter amounted to a request that defendant communicate with plaintiff the next time that defendant was in Little Rock. This letter was despatched by certified mail, return receipt requested, and was delivered to defendant's wife who receipted for it. Defendant testified positively that he never saw the letter, and while his wife who also testified recalled signing the return receipt she did not remember the contents of the letter or whether she gave the letter to her husband or told him anything about it.

This suit was filed on April 11, 1961, by Mr. Gardner as principal attorney for plaintiff, and service was attempted under the Arkansas non-resident motorist statute. Ark.Stats., 1947 Cum.Supp. § 27–342.1 et seq. That statute, insofar as here pertinent, provides in substance that in a case of this kind substituted or constructive service may be had on a non-resident motorist by service of summons on the Secretary of State of the State of Arkansas. It is further provided that a notice of such service and a copy of the process shall be sent forthwith to the defendant by plaintiff or his attorney by registered[1] mail addressed to the defendant at his last known address, and that defendant's return receipt or the affidavit of plaintiff or his attorney showing compliance with the

---

1. Alternative use of certified mail is permitted by Act 255 of 1950, Ark.Stats., 1947, Cum. Supp. § 1–105.

statutory requirements is to be filed in the office of the Clerk of the Court wherein the action is pending. When the statute has been complied with, the court obtains such jurisdiction of defendant's person as will sustain an in personam judgment.[2]

The suit having been filed, Mr. Gardner had summons served on the Secretary of State and also undertook to comply with the notice provisions of the statute.[3] To that end, on April 19, 1961, Mr. Gardner mailed to the defendant by certified mail, return receipt requested, copies of the summons and of the complaint.[4] The envelope containing the papers just mentioned was properly addressed to the defendant, but Mr. Gardner, when he caused the envelope to be certified, restricted delivery thereof to the "addressee only."

The envelope and its contents having been received at the postoffice in Wichita, the postal employees undertook to make delivery to defendant during regular business hours but were unable to do so since defendant was away from home and unavailable during those hours. The envelope was shown to the defendant's wife who would have been willing to take it and receipt for it, but due to the restriction as to delivery the postal employees were not permitted to deliver it to the wife.

After a second attempt to deliver the envelope to defendant had failed, defendant's wife explained the situation to the postmaster at Wichita. She was advised that the envelope could be delivered to no one but her husband, and that if the addressee did not call at the postoffice within a limited period of time the communication would be returned to the sender.

Defendant's wife told him that there was a letter for him at the postoffice which could be delivered only to him, and it appears that she also told him that it came from Monett, Missouri, and was from a Mr. Gardner.

Defendant testified that he was not acquainted with Gardner, did not know Gardner was a lawyer, and did not relate the letter from Monett, Missouri, to the accident in which he had been involved in Little Rock, Arkansas. He testified further that he thought that the letter probably came from another trucker desiring employment with him. Due to defendant's working schedule he could not pick up the communication at the postoffice without interrupting his work, and this he was unwilling to do.

In due course the envelope and its contents were returned to Mr. Gardner who thereupon filed the statutory affidavit of compliance with the Arkansas statute and attached to his affidavit the envelope and its contents, still under seal.[5] An examination of the envelope discloses that its "return card" consists of the name and address of plaintiff's attorney, but Mr. Gardner is not identified as being an attorney. Nothing on the

---

2. No one questions the validity of the statute. See in this connection Highway Steel & Mfg. Co. v. Kincannon, Judge, 198 Ark. 134, 127 S.W.2d 816, appeal dismissed per curiam as presenting no substantial federal question, Highway Steel & Mfg. Co. v. Crawford County Circuit Court, 308 U.S. 504, 60 S.Ct. 88, 84 L.Ed. 431; see also Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Leflar, Conflict of Laws, 1959, § 30.

3. As required by the local rules of this Court, Mr. Gardner associated local counsel in the case, but local counsel had nothing to do with the attempted service. When further reference is made herein to plaintiff's attorney, the reference is to Mr. Gardner.

4. The copy of the summons mailed to defendant reflected that it had been served on the Secretary of State.

5. In the course of its consideration of the instant motion the Court opened the envelope without damaging it and examined the contents thereof.

envelope indicated that it contained legal documents, or that its contents were in any way connected with any occurrence that had transpired at Little Rock.

No responsive pleading having been filed by defendant within the time prescribed by the Federal Rules of Civil Procedure, plaintiff requested a default judgment. On June 30, 1961, the Court held an ex parte hearing and granted judgment against defendant in the sum of $20,000. The instant motion was filed on January 5, 1962.

In support of his motion defendant contends that the attempted service was invalid in that defendant received no "actual notice" of the proceedings, that plaintiff and his attorney were aware when they obtained the default judgment that defendant and his insurance carrier had received no notice of the suit, and that the taking of a default judgment in the circumstances constituted an "injustice" which would justify the Court in setting the default aside under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Alternatively, defendant contends that he has a meritorious defense to the action, that the damages awarded were grossly excessive, and that even if the service was valid nonetheless the Court should vacate the judgment.

In his response to the motion plaintiff takes the position that the service was valid, that defendant has no meritorious defense, and that the motion should be denied.

Rule 55(c) of the Federal Rules provides that a federal court may set aside a default judgment for good cause shown or in accordance with Rule 60(b). Rule 60(b) provides that on motion and on such terms as are just a party may be relieved from a judgment for a number of reasons, including the reason that "the judgment is void." Rule 60(b) (4).

■■■ Whether a federal court which has rendered a default judgment should set it aside is a question of federal rather than of State law. Hicklin v. Ed-

wards, 8 Cir., 226 F.2d 410. And, as a matter of federal law, a default judgment rendered in an *in personam* action in which defendant has not entered his appearance and has not been validly served with process is absolutely void and will be set aside on motion regardless of whether the defendant has a meritorious defense. Hicklin v. Edwards, supra. However, where a defendant has been served validly, a default judgment will be set aside only if the defendant is able to show that he is entitled to relief under Rule 55(c) or Rule 60(b), and this ordinarily includes, but is not limited to, a showing that he has a meritorious defense. 3 Barron & Holtzoff, Federal Practice & Procedure, § 1217, and authorities there cited.

■■■ It is clear from Wuchter v. Pizzutti and Hess v. Pawloski, both supra, that as far as the federal Constitution is concerned, service upon a non-resident of a State under terms of a nonresident motorist statute, such as that of Arkansas, is valid if the statute contains notice requirements which, if met, make it reasonably probable that the defendant will receive notice of the suit in time to make his defense. When the statute has such requirements, and when the plaintiff meets them, the service is valid from the federal constitutional standpoint even though the defendant may fail to receive actual notice of the pendency of the action.

But, in this context as in others a State is not required to exercise its jurisdiction over non-residents to the fullest constitutional limits. It is free to prescribe requirements stricter than those of the federal Constitution. Cf. Ark-La Feed & Fertilizer Co. v. Marco Chemical Co., 8 Cir., 292 F.2d 197; McAvoy v. Texas Eastern Transmission Corp., E.D.Ark., 185 F.Supp. 784; Fritchey v. Summar, W.D.Ark., 86 F.Supp. 391 What the State requirements are and whether here has been compliance therewith in a given case are questions of State law. Fritchey v. Summar, supra.

The defendant contends that the Arkansas statute requires that the non-resident defendant receives "actual notice" of the filing of the suit. If this contention is correct, then the judgment must be set aside since it is clear from the evidence, and the Court finds, that defendant did not receive actual notice of the suit prior to the rendition of the judgment.

 Defendant's contention finds support by way of dictum in Alexander v. Bush, 199 Ark. 562, 134 S.W.2d 519. But, that case was decided twenty-three years ago, and it is at least doubtful that the Supreme Court of Arkansas would now hold that "actual notice" is required.[6] However, this Court finds it unnecessary to make a general prediction either way since the Court is persuaded that the Arkansas Court would hold, were the case before it, that the peculiar facts and circumstances here present render this particular service invalid.

Assuming *arguendo* that as a general proposition the Arkansas statute does not require actual notice, the fact remains that in the instant case counsel for plaintiff went beyond the requirement of the statute by restricting delivery of the envelope and its contents to the "addressee only," and, as has been pointed out, the copies of the suit papers were transmitted in an envelope which did not identify the sender as an attorney and which had nothing thereon which would give any indication as to the nature of the contents.

In such circumstances it is felt that when the attorney for a plaintiff goes beyond the statutory requirements and directs that the communication be delivered to a defendant personally and to no one else, and when, in addition, the envelope and its postmark give no clue as to its contents, counsel has in effect stipulated for "actual notice" and must

assume the risk that for some reason the envelope will not come into the hands of the addressee, as happened in this case. Counsel has no right to assume that the addressee will be available to receive the communication from the carrier, and has no right to expect that the addressee will lay aside his own business to make a special trip to the postoffice.

 An order will be entered setting the default judgment aside and allowing the defendant time within which to file an answer.

---

6. See note in 13 Ark.Law Review 381. The question was presented but not

reached in Haville v. Pearrow, Ark., 346 S.W.2d 204.