Charles R. **VEECK**, Plaintiff-
Appellee,

v.

**COMMODITY ENTERPRISES, INC.,**
et al., Defendants-Appellants.

No. 72–1021.

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1973.

Alfred T. Goodwin, Circuit Judge,
concurred specially and filed opinion.

Kenneth P. Kimmel (appeared), Bev-
erly Hills, Cal., Leon D. Bess, Gerald J.
Kitchen, of Evans, Kitchel & Jenckes, P.
C., Phoenix, Ariz., for defendants-appel-
lants.

Leonard A. Goldman, of Goldman,
Goldman & Arnold, Los Angeles, Cal.,

Murray Rauth, Harold A. Donegan, Jr., Scottsdale, Ariz., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and BYRNE, Sr.,* District Judge.

WILLIAM M. BYRNE, Sr., District Judge:

On January 19, 1971, Veeck instituted this diversity action in the U. S. District Court for the District of Arizona.

The plaintiff alleged that on October 19, 1969, an Arizona newspaper published a want-ad which had been placed by the defendants' agent. The ad purported to seek a person to operate the defendants' soon-to-be-established commodities brokerage office. It stated that the defendants would both train the applicant whom they selected and require him to make a cash investment of $25,000.00. Veeck answered the ad. One month later, in Arizona, he and the defendants' agent signed a "resident agency agreement" pertaining to a commodities brokerage office in Scottsdale, Arizona. The agreement was subject to being accepted by the defendants at their home office. Ten days later, in California, such an acceptance occurred when the agreement was signed by defendant Joseph W. Kosseff, president of both corporate appellants. Subsequently, the defendants furnished Veeck with some training and he invested his money with them. However, a dispute later arose between the parties and it led to the instant action.

On February 1, 1971, in California, one J. Howes personally served copies of the district court's summons and Veeck's complaint on Kosseff and his wife in their individual capacities. In addition, he served both corporate appellants by serving Kosseff in his capacities as their respective presidents. At the time Howes effectuated those personal services of process, he was neither a federal marshal nor a person specially appointed by the district court to serve such process.

On March 12, since none of the appellants had filed any responsive pleading, a default was entered against them. On April 8th, following a hearing, the district court awarded Veeck a default judgment which included compensatory damages of $24,774.80 and punitive damages of $26,000.00. On October 14th, Veeck executed on his judgment by garnishing a bank account of appellant Franchise Marketing Services, Inc., in the amount of $51,000.00. The next day, the appellants filed a motion both to quash service of process and to set aside the default judgment. On December 9th, after a hearing on the motion, the district court denied it. This appeal arises from that ruling.

The appellants' initial contention is that Howes lacked proper authority to serve the district court's summons upon them. They assert that Rule 4(c) of the Federal Rules of Civil Procedure is the exclusive statutory provision regarding who is authorized to personally serve the district court's summons. That Rule states, in relevant part, as follows:

"(c) By Whom Served. Service of all process *shall* be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose. . . . Special appointments to serve process shall be made freely when substantial savings in travel fees will result." [Emphasis supplied]

They argue that, since Howes was neither a federal marshal nor a person specially appointed by the district court to serve its summons, he lacked proper authority to serve them with that document.

Veeck contends that Rule 4(e) of the Federal Rules of Civil Procedure is the statutory provision which authorized Howes to personally serve the appellants

---

* Honorable William M. Byrne, Sr., United States Senior District Judge, Central District of California, sitting by designation.

with the district court's summons. That Rule states, in relevant part, as follows:

"(e) [Summons]: Service Upon Party Not Inhabitant of or Found Within State. . . . Whenever a statute . . . of the state in which the district court is held provides . . . (1) for service of a summons . . . upon a party not an inhabitant of or found within the state, . . . service may . . . be made under the circumstances and in *the manner* prescribed in the statute." [Emphasis supplied]

Veeck points out that Arizona has a "long-arm statute" which provides for service of process upon parties who are not inhabitants of or found within its boundaries. That statute is Rule 4(e)(2) of the Arizona Rules of Civil Procedure, 16 A.R.S., which states, in relevant part, as follows:

". . . When the defendant is . . . a person . . . [or] corporation . . . which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state.

. . .

"(b) Direct service. *Service out of the state may be made . . . by a person authorized to serve process under the law of the state where such service is made."* (Emphasis supplied]

He further points out that the appellants were served in the State of California and that Section 414.10 of the California Code of Civil Procedure states that:

"A summons may be served by any person who is at least 18 years of age and not a party to the action."

He asserts that Howes was qualified to serve process under California law because he was over eighteen years old and not a party to the action filed in the district court. Veeck argues that, there-fore, Howes had proper authority to serve the district court's summons by virtue of Fed.R.Civ.P. Rule 4(e) which made applicable Ariz.R.Civ.P. Rule 4(e)(2) which in turn made applicable Cal.C.C.P. § 414.10.

The district court was per-suaded that the mandatory language of Rule 4(c) could be circumvented by Veeck's syllogistic argument. We disa-gree. When personal service of original process is made pursuant to Rule 4(e), it must be made by a person specified by Rule 4(c). See 2 J.Moore, Federal Practice, ¶ 4.08, at 1009–1011 (2d ed. 1970); 4 Barron & Holtzoff, Federal Practice and Procedure, § 1092, at 353 (Wright ed. 1969); cf. United States for Use of Tanos v. St. Paul Mercury Ins. Co., 361 F.2d 838, 842–843 (C.A. 5, 1966) (dissenting opinion). According-ly, since Howes was not a person speci-fied by Rule 4(c), he lacked proper au-thority to serve the district court's sum-mons upon the appellants.

Such a result is consistent with the overall scheme of Rule 4 when it is viewed in its entirety. Rule 4(c) and Rule 4(e) speak to different subjects, namely, the former speaks to "who" is authorized to make service of process and the latter speaks to "how" such service is to be made on a party who is neither an inhabitant of nor found with-in the state where the district court is held. Furthermore, in 1963, when the advisory committee members successful-ly proposed amending Rule 4(e) in order to permit resort to state long-arm stat-utes, it would seem that, if they also in-tended to permit resort to state criteria regarding "who" is qualified to serve process, they would have proposed an amendment to Rule 4(c) to clarify such an intention. However, they did not do so but rather left Rule 4(c) intact as originally enacted in 1937.

The appellants further contend that the district court lacked in person-am jurisdiction over them. It is funda-mental that a court can acquire such ju-risdiction over a defendant in only two

ways, viz., his voluntary appearance in the action or service of the court's process upon him in strict conformance with a valid statute authorizing it. Kadet-Kruger & Co. v. Celanese Corp. of America, 216 F.Supp. 249, 250 (N.D.Ill., 1963); Bruce v. Paxton, 31 F.R.D. 197, 200 (E.D.Ark., 1962); see Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 69 L.Ed. 1119 (1925) (Brandeis, J.). Since the appellants made no appearance prior to their motion leading to this appeal and they were not served in strict conformance with Rule 4 by reason of Howes not being a person specified by Rule 4(c), their contention is correct.

 The district court's lack of in personam jurisdiction over the appellants renders void its default judgment against them. Pennoyer v. Neff, 95 U. S. 714, 726–728, 24 L.Ed. 565 (1877). Accordingly, the district court should have granted their motion to set aside that void judgment. Ruddies v. Auburn Spark Plug Co., 261 F.Supp. 648, 657 (S.D.N.Y., 1966); Fed.R.Civ.P. 55(c) and 60(b)(4).

 It should also be noted that the allegations of the complaint are insufficient to confer jurisdiction on the district court. In a diversity case an allegation that a corporation is a citizen of a state is insufficient without an allegation as to the state in which it is incorporated and that state in which it has its principal place of business. See 28 U.S.C. § 1332. If diversity exists as a fact this error may be corrected upon remand. See 28 U.S.C. § 1653.

Reversed and remanded with instructions to quash the service of process, set aside the default judgment, and to permit the amendment of the complaint pursuant to 28 U.S.C. § 1653, if requested.

ALFRED T. GOODWIN, Circuit Judge (specially concurring):

I concur in the opinion, but the facts of this case, and those of United States for Use of Tanos v. St. Paul Mercury Ins. Co., 361 F.2d 838 (5th Cir.), cert. denied, 385 U.S. 971, 87 S.Ct. 510, 17 L. Ed.2d 435 (1966), illustrate the need for an amendment to clarify Fed.R.Civ.P. 4(c). The interrelation of Rules 4(c), 4(d)(7), and 4(e) causes confusion among experienced lawyers, and the results must be incomprehensible to clients. *See* Note, 42 Notre Dame Lawyer 284 (1966).