On July 12, 1939, a judgment was entered in this court in favor of Merritt T. Salmon against B and B Auto Sales Corporation in the sum of $425 and costs.
On July 13, 1939, the said defendant, B and B Auto Sales Corporation, filed a notice of an intention to appeal said judgment to the Supreme Court of Errors.
On July 13, 1939, the Premium Commercial Corporation, the instant plaintiff, issued a writ against said Salmon, and named the B and B Auto Sales Corporation as garnishee. A copy of this writ was left by Deputy Sheriff John S. Recor with one Edward Bartenstein, who is described in the sheriff's return as the vice president of the B and B Auto Sales Corporation.
On September 12, 1939, upon application of the defendant. B and B Auto Sales Corporation, in the suit of Salmon against it, the time for filing a finding in its appeal was granted to the B and B Company to and including October 2, 1939.
On or about said time, the defendant, B and B Auto Sales Corporation, and the plaintiff, Salmon entered into negotiations looking toward a settlement of the controversy involved in their action and judgment, and it was agreed that the said B and B Auto Sales Corporation would not pursue its appeal to the Supreme Court of Errors, and that the said Salmon would settle his claim against the defendant, B and B Auto Sales Corporation, if the defendant company delivered an automobile worth $85 to the plaintiff. In accordance with said agreement, the B and B Auto Sales Corporation did so deliver an automobile to the plaintiff, and the plaintiff accepted the same in full settlement of their controversy.
On March 8, 1940, judgment was rendered by this court for the present plaintiff, premium Commercial Corporation, in its action against Merritt T. Salmon in the sum of $318.95, damages, and $38.54 costs of suit. Execution was taken out by the said Premium Commercial Corporation and on March 18, 1940, demand was made of the said B and B Auto Sales Corporation for the payment of said judgment based on the *Page 475 
garnishment of July 13, 1939. Demand was made and execution was served on one Sam Bartenstein, described in the sheriff's return of the execution as treasurer of the B and B Auto Sales Corporation. The latter refused to pay the execution, and it was returned unsatisfied.
On March 29, 1940, the present action of scire facias was instituted by the plaintiff, Premium Commercial Corporation, against the B and B Auto Sales Corporation.
Now, the conversation with Edward Bartenstein had by the sheriff when he made service of the writ in the action of Premium Commercial Corporation against Salmon as related by the sheriff is accepted by the court, and the recital of it as related by Edward Bartenstein rejected. So we have the situation where Edward Bartenstein represented himself to the sheriff as vice president of the B and B Auto Sales Corporation when service of the writ in the case of the Premium Commercial Corporation against Salmon was served upon the B and B Auto Sales Corporation as garnishee. This service took place at the latter's place of business, 40 Albany Avenue, Hartford. Exhibit 1, defendant's annual report, shows Louis Bartenstein as president, Samuel Bartenstein as treasurer, and Jack Bartenstein as secretary of the B and B Auto Sales Corporation. Louis Bartenstein was a cattle dealer in July, 1939, when the action was instituted against Salmon, and had no active connection with the business of the corporation. Sam and Jack Bartenstein spent most of their time at the B and B Repair Shop owned by the defendant, B and B Auto Sales Corporation, and located on Bushnell Street in the southern part of the City of Hartford. When Sheriff Recor went to the defendant's place of business, 40 Albany Avenue, Edward Bartenstein was the one summoned by telephone by one of the employees there, and he responded and accepted the writ as detailed above. The defendant's officers all live in Hartford and its office and its business are both in the City of Hartford.
On these facts the defendant contends that the plaintiff cannot recover because, first, the service of the writ of garnishment was defective inasmuch as it was not made on the secretary of the defendant corporation; and, second, that the defendant corporation was not indebted to the said Merritt T. Salmon at the time of service. *Page 476 
As regards the arguments of both counsel as expressed in their briefs, the first claim of defense involves interpretations of sections 5469, 5763, 5769 and 5770, of the 1930 Revision of the General Statutes, the defendant asserting that the plaintiff confuses the statutes relating to the service of process generally against a corporation and the service of a garnishee process on a corporation, and that in the instant case garnishee process could be served upon the secretary only of the B and B Auto Sales Corporation. The plaintiff contends that under section 5469 its garnishee process could be served upon any one of those listed therein, including the "person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."
It will be remember that Edward Bartenstein, not an officer of the B and B Auto Sales Corporation, represented himself as vice president of that concern. This court feels he was in charge of the business of the corporation at that time at 40 Albany Avenue, Hartford.
Counsel have delved very deeply into the history of the statutes involved. Now, section 5469 of the General Statutes, Revision of 1930, provides generally for the service of process on corporations, listing those upon whom service shall be made. This statute is included in chapter 288 of the General Statutes, Revision of 1930, entitled "Service and Return of Civil Process." Sections 5763, 5769 and 5770 are included under chapter 298 of the General Statutes, entitled "Foreign Attachments." Section 5763 concerns foreign attachments generally. Section 5769 provides that in any action commenced by process of foreign attachment when a corporation is engaged in transacting business in a town other than that in which "its secretary or clerk resides", service of garnishment is to be made on the corporation by leaving a copy with or at the usual place of abode of "its secretary or clerk, or any agent or clerk employed by such corporation to keep its accounts or pay its employees in the town where it transacts business and where any moneys, which may be owing to the defendant, are due and payable."
Section 5770 provides that when a corporation having a disbursing agent or paymaster with an office or place of business in this State is named as garnishee, service may be made *Page 477 
on the corporation by leaving with such agent or paymaster, or at his office or place of business, or at his usual place of abode, a copy of the writ.
The earliest forerunner of section 5769, Revision of 1930, appeared in section 1 of chapter 6 of the Public Acts of 1857, and provided that in cases where the secretary or clerk of a corporation did not reside in the same town where the corporation transacted its business, service of foreign attachment was to be made on such corporation "either as now required by law or by some proper officer leaving" a copy "thereof with or at the usual place of abode of any agent or clerk employed by said corporation to keep the accounts or pay its employees in the town where said garnishee transacts business."
In section 291 of chapter 15 of title 1 of the General Statutes, Revision of 1866, this Act was modified. That section provided that when the secretary or clerk did not reside in the same town where the corporation transacted its business, service of garnishee process was to be made on the corporation either as provided in section 289 of the Act, or by leaving a copy with or at the abode of any agent or clerk employed by the corporation to keep its accounts or pay its employees in the town where the corporation transacted its business.
Said section 289 provided for foreign attachment generally, as does the present existing statute, section 5763, containing no specific direction for service of garnishee process on corporations. Section 291 was, however, construed in Adams vs.Willimantic Linen Co., 46 Conn. 320, 323, as follows: "This act was originally passed in 1857. As it stands in the revision of 1866, which was in force when this service was made, it provides for service upon a corporation garnishee in the alternative — either as specified in the 289th section of the act or as provided in the act of 1857. By a reference to the 289th section of the revision of 1866, page 66, it will be found that it contains no specific directions for serving a garnishee process on a corporation. The meaning however is obvious, and that is, that it shall be served upon a corporation like other processes."
The method of service of process upon a corporation in the Revision of 1866 is found in section 20 of chapter 2 of title 1 thereof, as follows: "In suits against towns, societies, communities, or corporations, the service of the writ, by the officer *Page 478 
leaving a true and attested copy of the same with their clerk, or either of the selectmen, or of the committee, or the secretary or cashier, or, in the case of a private corporation, if it has no such secretary or cashier, then at the banking house, toll house, manufacturing house, or other principal place in this state, where such corporation transacts its business or exercises its corporate powers, shall be sufficient."
In the Revision of 1875, section 291 was changed in section 12 of chapter 2 of title 19, to read as follows: "When any corporation, engaged in transacting business in any other town than that in which its secretary or clerk resides, shall be named as agent, trustee, or debtor of the defendant in any action commenced by process of foreign attachment, service may be made upon such corporation by some proper officer by leaving a true and attested copy thereof, at least twelve days before the process is returnable, with, or at the usual place of abode of its secretary or clerk, or any agent or clerk employed by said corporation to keep its accounts, or pay its employees in the town where it transacts business, and where any moneys, which may be owing to the defendant, are due and payable."
This language in its pertinent parts is identical with the present statute, section 5769 of the General Statutes, Revision of 1930.
It is at this point that counsel part in their interpretation of the statute as it presently exists, the plaintiff contending that the failure to mention the alternate method of serving garnishee process in section 5769 must have been due to the Revision Committee thinking "it unnecessary and implicit in their version", and that the use of the word "may" rather than "shall" expressed the permissive rather than the mandatory nature of the statute. the plaintiff argues further that when section 5769 was originally adopted in 1857, the statute providing for service of process on a corporation specified service on the secretary or clerk, and now has been liberalized to include those persons named in section 5469 of the General Statutes, Revision of 1930.
The defendant contends, however, that the Act of 1875 has remained unchanged until today and is presently known as section 5769, whereas the statute relative to service of process generally on corporations has been modified so as to include not only the secretary or clerk thereof but others as *Page 479 
named in section 5469, the Legislature thus indicating an intent to leave the law relative to service of foreign process on corporations as it was and now is in section 5769, and to provide separately for the service of process generally on corporations as set out in section 5469.
When we understand the nature of a writ of garnishment, the defendant's reasoning would seem to be the more logical and reasonable one. A writ of garnishment is notice to the garnishee to hold in its hands monies due to the defendant or the effects of the defendant. It is, therefore, essential that the garnishment or notice reach the person it was intended to reach. Similarly, as the defendant argues, the same reasoning applies to corporations. A garnishment operates immediately. Hence the necessity that the garnishee process be served on a corporation by service of a copy of the writ on the secretary or clerk, for notice to him is notice to the corporation. This is most important as it concerns the tying up of funds or effects held by the corporation and owing to another. Garnishment requires the immediate notice to retain any effects or any indebtedness due the defendant.
This court has not gone into detail in following the reasoning of the defendant. It is hardly necessary. The brief sets it out clearly. The court concludes that there is a difference in the methods of service on a corporation of process generally, and service on a corporation in a garnishment proceeding, the latter under the circumstances of the instant case requiring service on the secretary or clerk of the defendant corporation, inasmuch as all of its officers resided in the City of Hartford wherein the defendant conducts its business.
The sum and substance of this case as regards the service now attacked is that the sheriff was deceived by Edward Bartenstein, who represented himself as vice president of the defendant corporation. He intended to fool the sheriff. During the trial he did not add anything to a possible reputation for truthfulness. A sheriff in serving papers in a garnishment proceeding must be sure of the identity of the person upon whom he serves process.
There was no evidence that the defendant held out Edward Bartenstein as one of its officers, nor was there evidence, as pointed out by the defendant, that the officer had previous dealings with Bartenstein and was thereby misled as to who he was. *Page 480 
The second issue concerns the question of whether or not the defendant was indebted to Salmon at the time of service. The plaintiff's position is that once judgment was rendered for Salmon against the B and B Auto Sales Corporation, nothing could change that status. That, it seems to this court, depends upon circumstances, and those in the instant case do not support the plaintiff's position, assuming of course, as we must, because there is no evidence to the contrary, that what occurred was not brought about with intent to defeat the plaintiff's recovery of its judgment. A controversy existed between Salmon and the B and B Auto Sales Corporation. An appeal had been taken by the B and B Auto Sales Corporation. The "debt due" implies an existing obligation to pay either in the present or in the future. Ransom vs.Bidwell, 89 Conn. 137, 141. The judgment was evidence of a debt, not necessarily then due, especially in view of the appeal. A debt is something which may be demanded. The appeal took this judgment out of this category. This court concurs in the view of the defendant that the judgment did not settle the controversy between Salmon and the defendant in the light of what occurred after it was rendered. The court, however, does not agree with the defendant that at the time of the accord between Salmon and the defendant, garnishment was then necessary to tie up whatever was the agreed amount of the accord. It inclines rather to the view that when the accord was reached, then the $85 represented in the accord would be subject to the original garnishment. However, in view of the court's holding that the service of garnishment was defective, the defendant is not beholden to the plaintiff even for this amount.
 Judgment is, therefore, directed for the defendant.