Ralph LOURING

v.

KUWAIT BOULDER SHIPPING CO.

Civ. No. B–77–119.

United States District Court,
D. Connecticut.

Aug. 26, 1977.

William A. Phillips, Greenwich, Conn., for plaintiff.

Robert K. Ciulla, New Haven, Conn., Andrew Emery Garson, Fairfield, Conn., for defendant.

---

## RULING ON DEFENDANT'S MOTION TO DISMISS

NEWMAN, District Judge.

Defendant moves to dissolve a garnishment and dismiss this action, which was removed from state court, on the ground that the garnishment was improper and the Court lacks jurisdiction. Following oral argument on those motions, plaintiff moved for judgment on the ground that defendant had submitted itself to the Court's jurisdiction, but had failed to answer the underlying complaint.

Plaintiff alleges that he is a citizen of the state of Connecticut, and that he has an interest in the defendant, a corporation organized and existing under the laws of Kuwait. Plaintiff commenced this action in the Connecticut state courts because of a dispute with the defendant over the alleged non-payment of a sum of money. In order to obtain jurisdiction over the defendant, whose principal place of business is Safat, Kuwait, plaintiff prepared an application for a pre-judgment remedy with the intention of garnishing a debt owed to defendant by Boulder Shipping Company, a Connecticut corporation, which then maintained an office in Greenwich. This procedure is authorized by Conn.Gen.Stat. § 52–278e.

On March 1, 1977, Judge Levister of the Superior Court signed an order authorizing plaintiff to serve a copy of the writ, summons, complaint and application on the garnishee. Copies of the documents were mailed to the defendant. On April 12, 1977, the case was removed to this Court pursuant to the defendant's petition. Thereafter, the pending motions were filed.

Defendant's first claim is that the garnishment should be dissolved on the ground that (1) it was issued without the proper judicial authorization, (2) the application for the pre-judgment remedy is supported by an affidavit of plaintiff's counsel only, and (3) service of process was insufficient. The record does not support the defendant's position as to the first two grounds, and the third concerns a defect waived by the garnishee and not available to the defendant.

■ The March 1, 1977, order of Judge Levister contains three paragraphs. The first is an introduction, the second orders the "Writ, Summons and Complaint" to issue and be served on the garnishee, and the third purports to order a hearing on plaintiff's application for a pre-judgment remedy, but the date for such a hearing was left blank. Since a hearing is not required when pre-judgment relief is sought under Conn.Gen.Stat. § 52–278e and since the order refers to a hearing, defendant argues that the order must have been granted pursuant to §§ 52–278a through 52–278d. Those sections require a hearing before a court orders a pre-judgment remedy. Because no hearing was actually held, defendant claims the purported garnishment was ineffective.

But it is entirely reasonable to deem Judge Levister's order to have been made pursuant to § 52–278e and to conclude that the requirements of that section have been satisfied. The first paragraph of the order recited facts, including defendant's absence from the state, that satisfy the specific requirements of § 52–278e(2)(A). The second paragraph of the order should be read as action by the court to "allow the prejudgment remedy" under § 52–278e. Otherwise this paragraph would be unnecessary because a court order is not required merely to authorize service of process.

Reading the order as issued pursuant to § 52–278e makes the paragraph ordering a hearing superfluous, but that is apparently exactly what Judge Levister considered it since he did not specify a date for a hearing in the space provided.

■ Defendant's second ground for the dissolution of the garnishment is that plaintiff failed to satisfy the statutory requirement of "verification by oath of the plaintiff or of some competent affiant" that there is probable cause for the plaintiff's claim and that the defendant cannot be found in the state. Conn.Gen.Stat. § 52–278e(2)(A). A complaint alleging sufficient facts for probable cause to sustain the validity of the plaintiff's claim was verified by plaintiff's oath before a Vice-Consul of the United States in London, England, on February 18, 1977. An affidavit by plaintiff's attorney alleged that after investigation he believed the defendant could not be found in Connecticut. Plaintiff's attorney is a "competent affiant" for this limited purpose, especially in light of defendant's failure to controvert the substance of the allegation. Thus plaintiff has satisfied both requirements of § 52–278e(2)(A).

■ Defendant's third ground for dissolution is that the garnishment was ineffective because the person served with the papers, Jill Rudeman, is not within the class of officials authorized to accept service by the statute governing service on corporate garnishees. Conn.Gen.Stat. § 52–335. There is a fair question whether Ms. Rudeman is within the class described by the statute. But even if she is not, this would at most be a defect in notice, which could have been raised by the garnishee, not by the defendant. Although no Connecticut case on point was found, the court in *Premium Commercial Corp. v. B&B Auto Sales Corp.*, 9 Conn.Supp. 473 (1941), described service of a proper person as being important to insure that the corporate garnishee received prompt notice. 9 Conn.Supp. at

479. That policy protects the interests of garnishees rather than defendants. While defendants can secure dismissal for lack of compliance with many aspects of the garnishment procedure, see, e. g., *Jepsen v. Toni Co.*, 20 Conn.Supp. 287, 133 A.2d 150 (1957), there is no reason for them to benefit from inexact compliance with a provision that accords protection solely to garnishees. In this action the garnishee has not objected to the method of service. On the contrary, it has indicated its willingness to have the debt garnished by paying into the registry of this Court an amount equal to the debt, thereby manifesting its acquiescence in the method of service.[1] In fact Ms. Rudeman promptly sent the garnishment papers to senior officials of the garnishee, and there is no dispute that the statutory requirement of notice by mail to the defendant was complied with and was effective. The defendant's third ground for dissolution of the garnishment must also be rejected, and the motion to dissolve is accordingly denied.

Defendant's motion to dismiss the action for lack of jurisdiction relies on its challenge to the validity of the pre-judgment remedy. Since that challenge has not prevailed, the motion to dismiss must also be denied. In reaching this decision, the Court does not rule that the cooperation of a garnishee invariably precludes any challenge to the process by which the garnishment was obtained, especially with regard to a foreign corporation over whom there would be no jurisdiction without the garnishment. This case, however, at least in its present stage, presents no circumstances that would lead the Court to depart from the traditional assertion of *quasi in rem* jurisdiction.

Until very recently it was well established that the presence of property in a state gave the courts of that state, and the appropriate federal court, following a valid removal, jurisdiction to adjudicate rights to

---

1. The debtor's deposit of the funds to abide the outcome of the dispute between plaintiff and defendant also eliminates the risk, if the original garnishment were defective, that the debtor could remove the funds before judgment and thereby terminate this Court's jurisdiction. *See Shaffer v. Heitner*, 433 U.S. 186, 195, 198 n. 16, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

the property without regard to the relationship of the underlying dispute and the property owner to the forum. However, the Supreme Court has ruled in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), that the valid assertion of *in rem* and *quasi in rem* jurisdiction is, to an extent not entirely defined, subject to the minimum contacts requirement of the due process clause. By letters to the Court the plaintiff and the defendant have urged differing interpretations of *Shaffer* to the facts of this case.

■ The Supreme Court's opinion in *Shaffer* explicitly left open the question whether the presence of a defendant's property in a state is a sufficient basis for jurisdiction "when no other forum is available to the plaintiff." 433 U.S. at 211 n. 37, 97 S.Ct. at 2584. Presumably, the Court had in mind a case such as this, where the defendant is outside the territorial jurisdiction of any of the fifty states, in the sheikdom of Kuwait. While *Shaffer* leaves the issue open, its rationale does not support application of a minimum contacts test to a case such as this. The Court was persuaded to apply the standards of *International Shoe* to *quasi in rem* jurisdiction in part because an *in personam* judgment could be obtained "in a forum where the litigation can be maintained consistently with *International Shoe*," 433 U.S. at 210, 97 S.Ct. at 2583, and because the state in which the property is located would then be obliged to honor such a judgment under the full faith and credit clause. *Ibid.* These arguments plainly contemplate a defendant over whom *in personam* jurisdiction can be obtained in one of the fifty states. Defendant has made no claim here that it is subject to jurisdiction in some state other than Connecticut.

Moreover, under the reasoning suggested by Mr. Justice Stevens, the activity of the defendant has given it "fair warning" that it may be subjected to suit somewhere in the United States. 433 U.S. 186, 97 S.Ct. 2569. By transacting business with the garnishee, defendant plainly took the risk that debts owed the defendant by the gar-

nishee might provide the basis for the assertion of jurisdiction. Even if the defendant could be more substantially "found" in another state, there is no unfairness in calling upon a foreign corporation to defend in Connecticut to the extent of a debt accruing in Connecticut. A Kuwait corporation cannot claim disadvantage in defending in Connecticut rather than some other state.

Finally, even if there are not the minimum contacts needed to satisfy *International Shoe* (though there may well be), there are surely sufficient contacts to make the assertion of *quasi in rem* jurisdiction over a foreign corporation fair even under *Shaffer*. From deposition testimony it appears that the garnishee was acting as agent for the defendant in Connecticut and the chief executive officer of the defendant has been present in the Connecticut offices of the garnishee on a number of occasions.

Finally, plaintiff has moved for judgment on the ground that defendant has failed to answer the complaint, an omission, plaintiff contends, that constitutes default since defendant has waived any objection to *in personam* jurisdiction by counsel's appearance, the filing of motions, and the taking of a deposition.

■ Plaintiff's motion is without merit. There can be no question that the Federal Rules of Civil Procedure govern an action that has been properly removed from state to federal court. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1973). Rule 12(a) of the Federal Rules provides that a party may object to jurisdiction prior to filing a responsive pleading, and that as a general rule, once having filed a motion challenging the Court's jurisdiction, that party need not answer the complaint until ten days after notice of the Court's action on the motion. It is clear, therefore, that defendant is not in default. Equally clear is the fact that defendant's challenge to this Court's jurisdiction is not a submission to this Court's power with respect to the merits of the case; nor is it a waiver of any defense or claim. There is no special appearance in the federal courts. Fed.R.

Civ.P. 12; *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3d Cir. 1944), *cert. denied, Orange Theatre Corp. v. Brandt*, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944).

Both motions are denied.