**BURROUGHS CORPORATION, Plaintiff,**

v.

**CARSAN LEASING COMPANY and Jerome Kleinfield, Defendants.**

**Civ. A. No. 80–3430.**

United States District Court, D. New Jersey.

March 16, 1983.

---

Bloom & Cutler by Cyrus J. Bloom, Roseland, N.J., for plaintiff.

Goodman, Stoldt, Breslin & Horan by Vincent A. Cino, Hackensack, N.J., for defendants.

## OPINION

SAROKIN, District Judge.

This matter is before the court on defendants' objection to the magistrate's report and recommendation, which urges the court not to vacate a default that had earlier been entered.

On October 23, 1980, plaintiff Burroughs Corporation ("Burroughs") filed a twelve-count complaint against defendants, Carsan Leasing Company ("Carsan") and Jerome Kleinfield. Brought under this Court's diversity jurisdiction, the complaint alleges that Carsan failed to make payments of $213,172.86 for computer equipment leased by Burroughs to Carsan. In two counts of the complaint, claims are asserted against both Carsan and Kleinfield for conversion and fraud; compensatory and punitive damages are sought.

When the complaint was filed, two summonses were issued by the court directing the United States Marshall to serve process on both defendants at 285 Hudson Avenue, Tenafly, New Jersey, the registered office of Carsan and the home of Kleinfield. Two months after the Marshall was directed to serve process, the Marshall reported that his attempts had failed. A woman answering the door at the place where process was to be served stated that Kleinfield had moved, leaving no forwarding address. Later it was ascertained that Kleinfield had not moved and was still living at the Tenaf-

ly address. Accordingly, an order was obtained on February 27, 1981, appointing Gerald R. Reif to serve an alias summons and complaint upon each of the defendants.

Although Mr. Reif was designated to serve process upon the defendants, service was actually made by Otto Moravek, whom Magistrate Perretti found to be an agent of Reif. Moravek made service on Carsan by handing the complaint to Kleinfield at his home at 11:15 p.m. on February 24, 1981. Not realizing that he was supposed to serve a summons and complaint for each defendant, Moravek, at the instruction of plaintiff's counsel, returned the following evening to Kleinfield's home, and served him with a second summons and complaint.

Neither Kleinfield nor Carsan filed an answer to the complaint. Therefore, on April 2, 1981, Burroughs requested an entry of default as to both defendants. Due to an error of the United States District Court Clerk's Office, the default was never entered. Months later, after ascertaining that the requested default had not been entered, plaintiff's counsel wrote to the Clerk's Office, requesting again that the default be entered. The Clerk's Office honored this second request.

Thereafter, plaintiffs sought to depose Kleinfield and Carsan to establish the facts necessary to support the entry of default. On February 18, 1982, Moravek served process on Kleinfield, requiring him to appear for a deposition on March 17, 1982. Two days before the deposition was to be taken, Kleinfield called plaintiff's counsel to advise him that he had a back problem that required him to remain in bed and that he would, therefore, be unable to appear for the deposition. Kleinfield never appeared for the deposition.

After Kleinfield failed to appear for the March 17 deposition, plaintiff's counsel instituted contempt proceedings. On August 27, 1982, this court issued an order to show cause, returnable September 13, 1982, requiring Kleinfield to explain why he should not be held in contempt and why he should not appear for depositions. After the order to show cause and supporting papers were

served, it was learned that Kleinfield had left New Jersey for Florida. When his new address was ascertained, an amended order to show cause, directed to Kleinfield in Florida, was issued. The order was returnable on October 25, 1982.

On October 19, 1982, Kleinfield, apparently responding to the order, submitted to be deposed. At that time, Kleinfield, for the first time, contended that he had not been served with the summons and complaint. One day after the deposition testimony was given, a general appearance was entered in behalf of Kleinfield and Carsan. About one month later, on November 17, 1982, defendants' counsel filed a motion to vacate the default. After arguing the motion before Magistrate Perretti, the Magistrate determined that a hearing would be necessary to determine whether Kleinfield had ever been served. The hearing was held on January 21, 1983, and a report and recommendation was subsequently filed. The report recommended that the default not be vacated because Kleinfield's testimony that he had not been served was not worthy of belief.

In reaching her conclusions, the Magistrate found that the process server, Moravek, was a credible witness and that Kleinfield, making a deliberate choice, decided not to contest the action. The Magistrate also found that service of process was effective under Rule 4(c) of the Federal Rules of Civil Procedure, even though service was made not by the person designated to serve process, but instead, by his agent.

On this motion to review the report and recommendation of the Magistrate, defendants do not urge that they had not been served, but instead contend that process was ineffective because it was not made by the person designated pursuant to Rule 4(c). Defendants further contend that they have a meritorious defense.

## DISCUSSION OF THE LAW

Rule 4(c) of the Federal Rules of Civil Procedure provides for three methods of obtaining service of process: by a United States Marshall or his deputy; by a person specially appointed by the Court; or by a person "authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held or in which service is made."

Here, although a special appointment was made pursuant to Rule 4(c), the person appointed was not the person who actually served process. The Court must determine whether, under these circumstances, service is valid.

In *Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423 (9th Cir.1973), the Ninth Circuit held that where an individual serving process is not one specified by Rule 4(c), he lacks authority to serve the summons issued by a district court. In her report and recommendation, the magistrate seeks to distinguish *Veeck* because it was not apparent in that case whether any application for special service was ever made. By contrast, in this case, an application was made for a specifically appointed process server, even though that person was not the one who ultimately served process. Because an application for special appointment was made here, and in light of the trend towards relaxation of the rules respecting service of process, the magistrate found that the service of process was not defective.

The magistrate is correct that there is a trend in the law towards relaxation of the rules governing who may serve process. For example, in *Modric v. Oregon & N.W.R. Co.,* 25 F.Supp. 79 (D.Or.1938), the Court held that under Rule 4(c), the Court is permitted to designate only one person by name to serve process. Yet, in *Heritage House Frame and Moulding, Inc. v. Boyce Highlands Furniture Co., Inc.,* 88 F.R.D. 172 (E.D.N.Y.1980), a more recent decision, the court found that an order for special service was valid where it designated "Mr. Cook or his designee to act as process server," and process was not made by Mr. Cook himself. Similarly, Rule 4(c) itself has recently been amended to relax the requirements for who may serve process. Under the amended rule, not applicable in this case, service is permitted to be made by any person who is not a party to the litigation and who is not under 18 years of age.

Although special appointments are perfunctorily made by the court, the Court confers upon the person designated by the appointment, the authority of the Court. Without the appointment, the person serving process is without authority under Rule 4(c). Even in *Heritage House,* where the Court held valid an order requiring service by a named individual or his designee, and service was made by the unnamed designee, that person still acted with authority of the court, even though unnamed. Here, the order for special service of process designated only one person and did not confer authority upon that person to designate an agent. Therefore, the agent, who actually served process, was not vested with the power of the court to make service and the service is thus invalid. Although the court is most reluctant to fasten upon a technicality in deciding this issue, any other interpretation of the rule would render meaningless the requirement that service be made only by one who is specially appointed to make such service. See *Dehne v. Hillman Investment Company,* 110 F.2d 456 (3rd Cir.1940).

Plaintiff argues that even if service of process was defective under Rule 4(c), defendants waived any claim they might have for defective service because they filed an appearance before making their motion to set aside the default. In Federal Court, there is no distinction between special and general appearances. *Louring v. Kuwait Boulder Shipping Company,* 455 F.Supp. 630, 633 (D.Conn.1977). Rule 12(b)(5) specifically permits the filing of a motion to dismiss for insufficiency of process. Here, although not specifically denominated as a Rule 12(b)(5) motion, the motion in substance presents a Rule 12(b)(5) defense, has been filed before a responsive pleading, and therefore will not be deemed to constitute a waiver. See Rules 12(b)(5) and 12(h), Fed.R.Civ.Proc.

For the foregoing reasons, the default will be vacated because of the deficiencies in the service of process. Counsel for defendants agreed at oral argument that if the default were vacated, he would accept service on behalf of the defendants and waive any objection thereto. Therefore defendants having accepted service, they are directed to file an answer within 20 days from this date. Counsel for defendants should submit an appropriate form of order.