[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO STRIKE #110
On June 20, 1994, the plaintiff, Christine Gillberg, filed a one count complaint in foreclosure against the defendants, Nordbanken and Improvator, Inc. (Improvator). On July 15, 1994, Improvator filed its answer, special defenses, and counterclaims. Counts one and two of Improvator's counterclaim allege that the plaintiff had formed an agreement to convey her interest in the note and mortgage at issue to Karl Gunnar Gillberg, and that the plaintiff breached that agreement. Count three alleges that the plaintiff is fraudulently attempting to overturn the Swedish divorce decree and financial settlement, of which this note and mortgage is a part.
The first special defense alleges a breach of the covenant of good faith and fair dealing through the plaintiff's failure to convey her interest in the note and mortgage to Karl Gunnar Gillberg. The second, third and fourth special defenses allege discharge, release and satisfaction, respectively. The fifth and sixth special defenses allege that the plaintiff's attempt to overturn the Swedish divorce decree is fraudulent and estops the plaintiff from pursuing foreclosure.
On August 18, 1994, the plaintiff filed a motion to strike Improvator's special defenses one, five and six, and all three counts of the counterclaim along with a memorandum of law. Improvator filed a memorandum in opposition to the plaintiff's motion to strike along with documentary evidence on September 9, 1994.[1]
Practice Book § 155 requires a party objecting to a motion to strike to file a memorandum of law at least five days before the matter is heard at short calendar, however, it does not provide for the filing of evidence in support. The evidence provide by Improvator can be disregarded and the motion to strike can be decided on the face of the pleadings.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 12321 complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile v. Brown, Jacobson, Etc.P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group, Inc., supra, 224 Conn. 215.
The plaintiff argues that Improvator's special defenses one, five and six should be stricken on the ground that they are not recognized in a foreclosure action.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). "In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." FirstFederal v. Kakaletris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J.). A foreclosure action, however, is an equitable proceeding, therefore, courts have recognized "`various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, and a refusal to agree to a favorable sale to a third party . . ." Id. Nevertheless, "only those equitable defenses which attack the making, enforcement or validity of a note or mortgage should be recognized in a foreclosure action." Id. Moreover, "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket no. 111491 (February 24, 1994, Sylvester, J.). Other defenses which have been recognized are usury, unconscionability, duress, coercion, material alteration and lack of consideration. Donza v. Depamphilis,9 CSCR 472, 472-73 (April 7, 1994, Aurigemma, J.).
Improvator alleges in its first special defense that the plaintiff breached the implied covenant of good faith and fair CT Page 12322 dealing by breaching the agreement to convey her interest in the note and mortgage to Karl Gunther Gillberg, and such breach affects the validity and enforcement of the note and mortgage.
"[T]he Connecticut Supreme Court has recognized that the duty of good faith and fair dealing is present in every contract."Donza v. Depamphilis, supra, 9 CSCR 473. The breach of the covenant of good faith and fair dealing which is alleged by Improvator arose out of an agreement which was formed after the creation of the note and mortgage in question. Furthermore, while Improvator alleges that this breach affects the validity and enforcement of the note, that Improvator's allegations are directed at the validity and enforcement of the agreement between the plaintiff and Karl Gunnar Gillberg. Moreover, the covenant of good faith and fair dealing allegedly breached ran between the plaintiff and Karl Gunnar Gillberg, who is not a party in this action. The breach of the covenant of good faith and fair dealing allegedly breached did not arise out of the note or mortgage at issue and, therefore, the plaintiff's motion to strike Improvator's first special defense is granted.
Improvator alleges in its fifth and sixth special defenses that the plaintiff has fraudulently attempted to overturn the Swedish divorce decree and financial settlement, of which this note and mortgage is a part, and is therefore estopped from pursuing this action in foreclosure. As noted above, some courts have recognized fraud and equitable estoppel as defenses in foreclosure actions. These defenses, however, must attack the making, validity, or enforcement of the note or mortgage. The fraud alleged by Improvator arose after the creation of the note and mortgage and thus does not directly attack the note or mortgage. Moreover, as stated previously, the divorce decree in question, was between the plaintiff and Karl Gunnar Gillberg who is not a party to this action, therefore, the fraud alleged was not directed at Improvator. Accordingly, the plaintiff's motion to strike Improvator's fifth and sixth special defenses is granted.
The plaintiff also maintains that Improvator's counterclaims should be stricken as they do not arise out of the same transaction which is the subject of the plaintiff's complaint in violation of Practice Book § 116.
Practice Book § 116 provides in pertinent part that: "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that such CT Page 12323 counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint."
Counts one and two of Improvator's counterclaim allege breach of an agreement of the plaintiff to convey her interest in the note and mortgage to Karl Gunnar Gillberg. Count three alleges fraud against the plaintiff for attempting to overturn the Swedish divorce decree.
"Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure of the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Citations omitted.) Shoreline Bank Trust Co. v.Leninski, 8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.).
The claims asserted by Improvator arose from factors and actions of the mortgagor outside of the note or mortgage in question, and, therefore, do not directly attack them. Moreover, the counterclaims asserted arise out of conduct involving the plaintiff and a non-party to this action. Accordingly, the plaintiff's motion to strike special defenses one, five and six, and all three counts of Improvator's counterclaim is granted.
HICKEY, J.