[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Dime Savings Bank, has filed a one count complaint in foreclosure against the defendants, Eddie and CT Page 1205 Elizabeth Albir, and the State of Connecticut Department of Revenue Services. In the complaint, the plaintiff alleges that Eddie Albir (Albir) was loaned $287,000, which was secured by a mortgage on 62 Forest Lawn Avenue, Stamford. Thereafter, FGB Realty Advisors, Inc., was substituted as plaintiff. The plaintiff further alleges that no payments have ever been made on the note. Albir has filed an answer and two special defenses.
In his first special defense, Albir alleges that the plaintiff breached the covenant of good faith and fair dealing by approving the loan when it knew, or should have known that the defendant would be unable to fulfill his obligations. In his second special defense Albir alleges that the plaintiff breached the covenant of good faith and fair dealing by failing to offer a restructured payment plan.
The plaintiff filed a motion for summary judgment as to its complaint on the ground that Albir's special defenses have not raised a genuine issue of material fact. The plaintiff filed with it's memorandum of law in support, an affidavit of Janice Keyser, account manager of FGB Realty Advisors, Inc., assignee of the note and mortgage, and an affidavit of Adam Bendett, an attorney of the plaintiff. Albir has not filed any evidence in opposition.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted)Suarez v. Dickmont Plastics, Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
The plaintiff argues in regard to the first special defense that the covenant of good faith and fair dealing does not apply to the pre-contract period, and in regard to the second special defense that the failure to offer a restructuring of the loan does not address the making, validity or enforcement of the note. CT Page 1206
The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L.Rptr. 113
(February 23, 1994, Karazin, J.); Shawmut Bankv. Wolfley, 9 CSCR 216 (January 24, 1994, Dean, J.);Citicorp Mortgage, Inc. v. Kerzner, 8 Conn. L. Rptr. 229
(January 15, 1993, Curran, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. See Lawall Realty, Inc. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federalv. Kakaletris, supra; National Mortgage Co. v.McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.);Shawmut Bank v. Wolfley, supra; Citicorp Mortgage,Inc. v. Kerzner, supra. Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. SeeFleet Bank v. Barlas, 12 Conn. L. Rptr. 32 (June 29, 1994, Aurigemma, J.); Donza v. DePamphilis, 9 CSCR 472
(April 7, 1994, Aurigemma, J.); Connecticut National Bank v.Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.).
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."Lawall Realty, Inc. v. Auwood, supra; NationalMortgage Co. v. McMahon, supra; 9 CSCR 300. "The rationale behind this is that counterclaim and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Lawall Realty, Ltd.v. Auwood, supra; National Mortgage Co. v.McMahon, supra, 300-01. Moreover, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." OpticareCenters v. Aaron, Superior Court, judicial district of CT Page 1207 Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.). Other courts have determined, however, that the equitable nature of foreclosure demands that the court consider all circumstances to ensure that complete justice is done between the parties. SeeShawmut Bank v. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.); Harborwalk v. Errato,11 Conn. L. Rptr. 534 (May 20, 1994, J. Walsh, J.); Chase Manhattan Bankv. Indian River Green, 8 Conn. L. Rptr. 165 (January 6, 1993, Rush, J.).
"[T]he Connecticut Supreme Court has recognized that the duty of good faith and fair dealing is present in every contract."Donza v, Depamphilis, supra, 9 CSCR 473. "The implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the expectations of the contracting parties as they presumably intended. . . . It cannot be applied to achieve a result contrary to the clearly expressed terms of a contract unless those terms are possibly contrary to public policy . . . . Although a breach of the implied duty of good faith and fair dealing has been recognized as a valid special defense under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application."Shawmut Bank v. Carriage Hill Estates, Inc., supra.
While the covenant of good faith and fair dealing has been recognized as a special defense in foreclosure actions, no courts have recognized a duty to inquire into a borrower's ability to repay. See Donza v. Depamphilis, supra, 9 CSCR 473;Connecticut National Bank v. Anderson, 5 Conn. L. Rptr. 60
(October 1, 1991, Pickett, J.). The law assumes the lender will act to protect itself against a bad loan. ShermanCooper v. Burby, 7 CSCR 591 (April 29, 1992, Satter, J.). The plaintiff's alleged failure to inquire into Albir's ability to pay cannot constitute a breach of the covenant of good faith and fair dealing.
Regarding the second special defense, the plaintiff relies onConnecticut National Bank v. Montanari, supra,9 CSCR 196, in which the court determined that a failure to restructure the terms of the lien after default did not constitute a breach of the covenant of good faith and fair dealing because the loan documents did not contain any agreement to restructure in the event of a default. In the present case, the plaintiff has failed to present the court with copies of the loan documents in CT Page 1208 question, and therefore there is a question of material fact regarding whether an agreement to restructure the loan existed in the event of a default. The court also notes that an affidavit of the plaintiff's attorney was filed to substantiate the assignment of the note and mortgage to the plaintiff. It is improper for an attorney to become a witness on behalf of his client.Farrell v. Farrell, 182 Conn. 34, 37 n. 1, 438 A.2d 415
(1980).
The plaintiff has failed to present evidence, such as certified copies of the note, mortgage, and assignment, sufficient to demonstrate that there is no genuine issue of material fact. Accordingly, the plaintiff's motion for summary judgment is denied.
D'ANDREA, J.